■ MARTIN REINGOLD, Appellant, v BARBARA REINGOLD, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals (1) from an order of the Supreme Court, Westchester County (Coppola, J.), entered December 7, 1984, which, inter alia, modified (a) an order of the same court (Dachenhausen, J.), entered April 30, 1984, by substituting the sum of $10,075 in arrears of pendente lite maintenance and child support for the sum of $19,000 and (b) an order of the same court (Beisner, J.), dated February 22, 1984, by substituting the sum of $6,567.25 in arrears of pendente lite maintenance and child support for the sum of $12,862; (2) from an amended judgment of the same court, dated February 19, 1985, in favor of the defendant wife and against him in the sum of $10,075; and (3) from an amended judgment of the same court, also dated February 19, 1985, in

favor of the defendant and against him in the sum of $6,567.25.

Appeal from the order entered December 7, 1984 dismissed (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeals from the amended judgments (CPLR 5501 [a] [1]).

Amended judgment dated February 19, 1985, in the amount of $10,075 modified, on the law and the facts, by substituting the sum of $7,524 for the sum of $10,075. As so modified, amended judgment affirmed.

Amended judgment dated February 19, 1985, in the amount of $6,567.25 modified, on the law and the facts, by substituting the sum of $4,782.25 for the sum of $6,567.25. As so modified, amended judgment affirmed.

The plaintiff is awarded one bill of costs.

Under the terms of this court's order and decision dated June 4, 1984, on the prior appeal in this action, the pendente lite award of maintenance and child support was modified, inter alia, by directing the defendant to assume responsibility pendente lite for payment of the mortgage on the marital residence (see, Reingold v Reingold, 102 AD2d 820). In view thereof, the plaintiff is entitled to credit for the payments he made to the mortgagee on the mortgage on the marital residence, during the periods in question. Accordingly the judgments are hereby modified to reflect these credits.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.