■ JONATHAN KRANTZ, Appellant, v ABBEY KRANTZ, Respondent.—In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Di Noto, J.), dated August 3, 1990, as granted the defendant wife's cross motion for leave to enter a money judgment in the sum of $14,801.50 for arrears in pendente lite maintenance and child support payments due pursuant to an order of the same court dated January 22, 1990.

Ordered that the order is modified, on the law, by reducing the amount awarded to the defendant for arrears from $14,801.50 to $10,258.99, representing arrears for 26 weeks; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to

the Supreme Court, Nassau County, for the entry of an appropriate money judgment for arrears in accordance herewith.

Under the facts of this case, the court erred in ordering the husband to pay the wife both child support and the full amount of the carrying charges on the marital residence because this resulted in giving her a double shelter allowance *(see, Lenigan v Lenigan,* 159 AD2d 108, 112; *see also, James v James,* 169 AD2d 441). Consequently, in a companion appeal we have recalculated the child support allowance by deducting the carrying charges from the plaintiff's gross income before applying the percentage set forth in Domestic Relations Law § 240 (1-b) (b) (3) *(see, Krantz v Krantz,* 175 AD2d 863 [decided herewith]). This process yields an annual child support award in the principal sum of $19,217.98 and a weekly award in the principal sum of $369.58 and reduces the plaintiff's arrears in maintenance and child support for the 26-week period in question to the principal sum of $10,258.99.

We find that the plaintiff husband was not entitled to credits against arrears for the voluntary payments he made directly to the wife or to third parties for the wife and the children's benefit *(see, Horne v Horne,* 22 NY2d 219, 224; *Fabrizio v Fabrizio,* 125 AD2d 634; *Neumark v Neumark,* 120 AD2d 502, 503). When the payor spouse has voluntarily made overpayments to the recipient spouse, as arguably he did here, the courts will ordinarily deny credits for the prior overpayments, on the ground that allowing such credits will permit the noncomplying spouse to vary the amount of the payments virtually at will *(see, Stempler v Stempler,* 143 AD2d 410, 413; *Rodgers v Rodgers,* 98 AD2d 386, 389-390; Annotation, *Child Support—Right to Credit,* 47 ALR3d 1031, 1055-1056). A court will not credit a "volunteer" with payments against arrears when those payments satisfy the volunteer's own legal obligations. Several of the husband's voluntary payments here satisfied his individual contractual obligations to third parties, and cannot be attributed to maintenance or child support *(see, West v West,* 151 AD2d 475, 476; *cf., Bara v Bara,* 130 AD2d 613; *Reingold v Reingold,* 120 AD2d 579, 580; *Yecies v Yecies,* 108 AD2d 813). Mangano, P. J., Bracken, Sullivan and Harwood, JJ., concur.