■ LAURA H. SHIELDS, Respondent, v PAUL D. SHIELDS, Appellant.—Order unanimously reversed on the law without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following Memorandum: Defendant contends that the court erred in granting plaintiff temporary sole occupancy of the marital residence before conducting a hearing on the issue. We agree. Where, as here, the parties submit conflicting affidavits and there are no corroborating statements of witnesses nor other form of independent confirmation, it is error to grant temporary sole occupancy in the absence of a hearing to determine the facts *(see, Waldeck v Waldeck,* 138 AD2d 373; Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C234:3, at 90). The matter therefore must be remitted for an immediate hearing with respect to sole occupancy.

In addition, the court failed to set forth its reasoning in ordering defendant to pay child support pursuant to Domestic Relations Law § 240 (1-b) as well as all marital debts including the mortgage. Shelter expenses attributable to the children are inherent in the basic child support obligation *(Lenigan v Lenigan,* 159 AD2d 108, 112). Thus, upon remittitur, if the court makes an order at variance with the statutory amount required by Domestic Relations Law § 240 (1-b), it must comply with paragraphs (f) and (g) by identifying the factors that induced it to vary from the statutory amount and to articulate its reasons for the amount of child support awarded. (Appeal from Order of Supreme Court, Monroe County, Calvaruso, J.—Temporary Support.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.

■ TRI-CITY ELECTRIC, INC., Plaintiff, v THE PEOPLE OF THE STATE OF NEW YORK, Defendant, LAKE STEEL EQUIPMENT RENTAL, INC., Appellant, and AETNA CASUALTY & SURETY CO., Respondent.—Judgment unanimously affirmed without costs for reasons stated in decision at Supreme Court, Gorski, J. (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Dismiss Claim.) Present—Callahan, J. P., Green, Pine, Lawton and Davis, JJ.