■ MARILYN C. RYAN, Respondent, v WILLIAM V. RYAN, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Di Noto, J.), dated February 27, 1990, as granted the plaintiff wife's motion for pendente lite relief to the extent of directing that he pay the plaintiff wife, pendente lite, the weekly sums of $100 in maintenance and $338.06 in child support, as well as the monthly carrying charges on the marital residence of $1,382.03.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof that directs the defendant to pay the sum of $338.06 per week, pendente lite, for the support of the parties' two children, and substituting therefor a provision awarding the plaintiff $257.66 per week in child support, and by deleting the provision thereof that directs the defendant to pay the sum of $100 per week, pendente lite, to the plaintiff for maintenance; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff Marilyn Ryan and the defendant William Ryan were married on January 30, 1965. The parties have two daughters, who reside with their mother in the marital residence in Glen Cove, New York. The plaintiff wife is employed in a clerical position, and her gross income in 1989 was approximately $20,500. The defendant husband is an electrical

engineer, and his gross income in 1989, including a merit bonus and overtime compensation, was approximately $74,000. The wife commenced this action for a divorce in November 1989 and, shortly thereafter, she moved, *inter alia,* to compel the husband to pay the carrying charges for the martial residence, child support, and maintenance pendente lite. The Supreme Court granted the wife's motion for pendente lite relief, and directed the husband to pay maintenance in the sum of $100 per week, child support in the sum of $338.06 per week, and carrying charges for the marital residence in the sum of $1,382.03 per month.

On appeal, the husband contends that the Supreme Court improvidently exercised its discretion in determining pendente lite child support in accordance with the formula set forth in the Child Support Standards Act (Domestic Relations Law § 240). We disagree. Although application of the guidelines set forth in the Child Support Standards Act is not mandatory on a pendente lite motion, the court properly exercised its statutory authority to apply those guidelines based upon the record before it *(see, Asteinza v Asteinza,* 173 AD2d 515; *Rizzo v Rizzo,* 163 AD2d 15).

We find, however, that the Supreme Court erred in directing the husband to defray the carrying charges for the marital residence in addition to providing child support in the sum fixed by statute. As the appellate courts have uniformly noted, shelter costs attributable to the children are inherent in the basic child support obligation set forth by Domestic Relations Law § 240 *(see, Chasin v Chasin,* 182 AD2d 862; *Shields v Shields,* 178 AD2d 923; *Krantz v Krantz,* 175 AD2d 865; *James v James,* 169 AD2d 441). Accordingly, it was improper for the court to compel payment of the carrying charges on the children's residence in addition to the basic support obligation fixed by the Domestic Relations Law without stating the reasons for deviating from the statutory formula *(see, Chasin v Chasin, supra; Lenigan v Lenigan,* 159 AD2d 108). Although different approaches have been utilized to resolve the problem created by an order which improperly includes a double shelter allowance *(see, Berg v Berg,* 186 AD2d 236 [decided herewith]; *Krantz v Krantz, supra; Lenigan v Lenigan, supra),* in view of the substantial disparity in income earned by the husband and wife in the instant case, to arrive at a "just and appropriate" award, we follow the reduction method set forth by this court in *Krantz v Krantz (supra,* at 865). In accordance with the *Krantz* approach, we subtract the sum of $16,584.36, which represents the annual carrying charges for the marital

residence, from the husband's gross income of $70,075.55 ($74,000 less social security payments of $3,924.45), resulting in $53,491.19. Applying the formula in the Child Support Standards Act (25% for two children) to the recalculated gross income of the parents results in an annual child support obligation of $18,105.74, and the husband's pro rata share of this obligation is $13,398.24, or $257.66 per week.

In light of the husband's continuing obligation to defray the carrying charges for the residence in which the wife and children reside, we further deem it appropriate to modify the Supreme Court's order to eliminate the award of maintenance to the wife. It is settled law that a pendente lite award should represent an accommodation between the reasonable needs of both parties (see, Polito v Polito, 168 AD2d 440; Shapiro v Shapiro, 163 AD2d 294), and the record at bar indicates that the parties are substantially in debt and have virtually no savings. Accordingly, in order to fashion an award which fairly balances both parties' needs and enables the husband to meet his own living expenses while he defrays housing costs for the wife and children, we relieve him of his obligation to pay maintenance pendente lite. Rosenblatt, J. P., Eiber, O'Brien and Ritter, JJ., concur.