■ AVRIL E. SERGEON, Respondent, v GLEN R. SERGEON, Appellant. [629 NYS2d 391] —Order, Supreme Court, New York County (David Saxe, J.), entered October 6, 1994, which, to the extent appealed from, (a) denied defendant's motion seeking, *inter alia*, renewal of an order, same court and Justice, entered March 23, 1994, directing entry of a money judgment in the sum of $12,342 with costs, interest and disbursements, and (b) directing payment of accountant's fees in the sum of $5,000, unanimously affirmed, without costs.

The court properly held that defendant's voluntary payment regarding credit card, telephone and medical bills could not be credited against interim child support and maintenance not paid (*see, Krantz v Krantz*, 175 AD2d 865, 866) . It was also not an improvident exercise of discretion to award interim accountant's fees herein (*see,* Domestic Relations Law § 237; *Endes v Endes*, 88 AD2d 652). Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALSTON HOUSER, Appellant. [629 NYS2d 207] —Judgment, Supreme Court, Bronx County (Joseph Cerbone, J.), rendered February 4, 1993, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of $2^1/2$ to 5 years, unanimously affirmed.

Defendant's claim that the People did not prove that he knew the weight of the drugs he possessed was not preserved by objection to the jury charge (*People v Gray*, 86 NY2d 10), and we decline to review it in the interest of justice. In any event, defendant's knowledge of the weight of the drugs was proven by the evidence showing how he sold the drugs and the amount he possessed (*People v Miller*, 209 AD2d 187, *lv granted* 84 NY2d 1017). Concur—Kupferman, J. P., Ross, Asch, Nardelli and Tom, JJ.