■ JOANNA POLYCHRONOPOULOS, Respondent-Appellant, v GEORGE POLYCHRONOPOULOS, Appellant-Respondent. [640 NYS2d 256] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of an

order and judgment (one paper) of the Supreme Court, Suffolk County (Mellan, J.H.O.), dated December 21, 1993, which, *inter alia*, directed him to pay child support in the amount of $300 per week for the couple's two infant children, awarded sole custody of the children to the plaintiff, directed him to pay $100 per week in maintenance to the plaintiff until November 22, 1998, awarded the plaintiff exclusive occupancy of the marital residence and directed him to pay all mortgage payments and carrying charges on the residence, awarded each party a 50% interest in the marital residence, awarded the plaintiff a 50% interest in the increased value in the defendant's restaurant, and awarded the plaintiff $20,000 in attorney's fees, and the plaintiff cross-appeals, as limited by her brief, from stated portions of the order and judgment which, *inter alia*, denied her application for equitable distribution of an interest in the increased value of the defendant's separate land, and denied her application for expert's fees.

Ordered that the order and judgment is modified by deleting the fourth, fifth, sixth, and thirteenth decretal paragraphs thereof and deleting so much of the eighteenth decretal paragraph as denied the plaintiff's application for expert's fees; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that in the interim, the decision and order on motion of this Court, dated February 8, 1994, which, *inter alia*, continued the decretal provisions contained in an order to show cause issued on or about January 20, 1994, shall remain in full force and effect.

In calculating the defendant's child support obligations, the court stated that it deviated from the statutory guidelines because the defendant would be paying the medical expenses of the children and the carrying charges on the marital home. In making its calculations, the court granted a deduction of $22,600 for "FICA and so forth" in "allowable deductions". However, the mortgage payments on the marital residence exceed $29,000 per year, and the defendant was ordered to pay all additional carrying charges on the home, which amounts were unspecified. Since these obligations represent shelter costs, which are part of the basic child support obligation, they should have reduced the defendant's child support obligations accordingly.

The court's deductions for FICA and other "allowable deduc-

tions" do not explain why the defendant is being charged more than his statutory share for child support. Thus, it is incumbent upon the trial court to recalculate the defendant's child support obligation, giving him credit for the mortgage costs and carrying charges or to articulate its reasons for the child support ordered (*see,* Domestic Relations Law § 240 [1-b] [f], [g]; *Krantz v Krantz,* 175 AD2d 865; *Ryan v Ryan,* 186 AD2d 245, 246; *Lenigan v Lenigan,* 159 AD2d 108). Additionally, in recalculating the child support, the trial court should reduce the defendant's income by the amount of maintenance paid to the plaintiff, prior to determining the defendant's child support obligation, and order a concomitant increase in the child support obligations upon the termination of the maintenance obligation (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Tarascio v Tarascio,* 183 AD2d 890). The record is insufficient for this Court to determine the actual cost of all carrying charges on the marital residence which the defendant was directed to pay. Therefore, the calculations of child support cannot be made by this Court.

It was also improper for the trial court to direct the defendant to pay open-ended carrying charges on the marital residence (*see, Karounos v Karounos,* 206 AD2d 407, 411; *Chrisaidos v Chrisaidos,* 170 AD2d 428, 429; *Menegis v Menegis,* 95 AD2d 825, 826). Thus, upon remittitur, the trial court should specify the amounts of carrying charges the defendant must pay.

Using the figures utilized by the trial court, the total amount of payments imposed upon the defendant by the trial court consumed almost all of his after-tax income. Upon remittitur, the trial court should keep in mind that in making an award, it "must take into account the need of a parent to maintain a separate household and have money to live on after support payments are made" (*Manno v Manno,* 196 AD2d 488, 492; *see, Hirschman v Hirschman,* 156 AD2d 644, 645; *Matter of Flanter v Flanter,* 123 AD2d 626, 627).

Finally, given the respective financial positions of the parties, the defendant's lack of candor regarding his income, and because the plaintiff was required to obtain expert testimony to establish the defendant's income, the court should have granted the plaintiff an award for her expert's fees (*see, Krinsky v Krinsky,* 208 AD2d 599, 601; *Schwartz v Schwartz,* 160 AD2d 791). The issue must be remitted for a hearing and findings of fact regarding the value of the expert services rendered (*see, O'Brien v O'Brien,* 120 AD2d 656, 657-658).

We have examined the parties' remaining contentions and

find them to be without merit. Balletta, J. P., Joy, Krausman and Florio, JJ., concur.