■ SOPHIA MERLE, Respondent, v ROBERT MERLE, Appellant. [642 NYS2d 700] —In an action for a separation and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated May 4, 1995, which, *inter alia,* awarded the plaintiff wife pendente lite maintenance, child support, and counsel fees.

Ordered that the order is affirmed, with costs.

The plaintiff Sophia Merle and the defendant Robert Merle were married on December 7, 1975, and have three daughters: Stacey, Christina, and Lauren, currently ages 18, 16, and 12, respectively. The husband's net worth statement indicates that he receives $576 per month from his pension and $1,175 per month in Social Security disability benefits, for a total net income of $1,751 per month. The husband does not list on his net worth statement some $123,000 which he removed from the parties' joint account, as he claims to have given it away to the homeless due to his mental disability. The wife's net worth statement indicates that her net income is $576.48 per month. Her 1994 W-2 form indicates that her wages were $5,721. As of January 3, 1995, the wife received disability benefits in the amount of $456 per month for herself and two children.

The wife left the marital residence in September 1994 and commenced this action for a separation shortly thereafter. The parties' two youngest daughters left the marital residence to live with the wife. The oldest daughter remained with the father, and then moved in with her aunt and uncle. The wife then made the instant application for, among other relief, pendente lite maintenance, child support, and pendente lite counsel fees. The Supreme Court awarded the wife pendente lite support, including, *inter alia,* $50 per week in maintenance and $50 per week for each infant, for a total of $150 per week, and pendente lite counsel fees in the amount of $3,500.

The husband contends that the Supreme Court improperly weighed the relative financial assets of the parties in awarding the wife pendente lite relief. We disagree.

In making an award of temporary support, the court's primary concern is the respective financial conditions of the parties and the movant's needs for support pending trial (*see, Chachkes v Chachkes,* 107 AD2d 786). It is well settled that shelter costs attributable to the children are inherent in the basic child support obligation set forth by Domestic Relations Law § 240 (*see, Matter of Sferrazza v Bergdorf Goodman, Inc.,* 213 AD2d 44; *Ryan v Ryan,* 186 AD2d 245; *Chasin v Chasin,* 182 AD2d 862; *Krantz v Krantz,* 175 AD2d 865). Here, the child support award took into account the cost of shelter, but did not encompass the costs of establishing a new home (*cf., Ryan v Ryan, supra*).

Moreover, in view of the conflict as to whether the husband gifted away the parties' joint funds, it is difficult to determine the husband's actual income. Significantly, the husband has submitted no credible evidence to substantiate his story. Accordingly, upon this record, we find no reason to substitute our

discretion for that of the Supreme Court. This issue will be best resolved at trial, where the financial circumstances of the parties can be fully explored (*see, O'Connor v O'Connor*, 207 AD2d 334).

The husband's remaining contentions are either unpreserved for appellate review, without merit, or not properly before this Court for review since they are raised for the first time in his reply brief. O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.