■ In the Matter of PATRICIA DOWER, Respondent, v ROBERT NIEWIADOWSKI, Appellant. [662 NYS2d 946] —Order unanimously

reversed on the law without costs and matter remitted to Erie County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding seeking an upward modification of the support provisions of a judgment of divorce entered January 14, 1988, which incorporated the parties' separation agreement. Pursuant to the terms of the separation agreement, respondent is obligated to pay child support of $80 per week per child. He is also obligated to pay maintenance in a decreasing amount over a 10-year period, as follows: $280 per week for five years, $240 per week for three years and $200 per week for two years. The petition alleges that, since the entry of the judgment of divorce, there has been a change of circumstances in that petitioner was seriously injured in a skiing accident in March 1994, is now disabled, is unable to maintain her employment in the sales industry and has no income. Additionally, the petition alleges that the needs of the parties' two unemancipated children have increased and that petitioner is unable to provide for their needs. It further alleges that respondent's income has significantly increased since 1988.

After a hearing, the Hearing Examiner found that petitioner established a change in circumstances to warrant an upward modification of support. The Hearing Examiner found that the Child Support Standards Act (CSSA) applies but declined to apply the percentages to respondent's income in excess of $80,000. The Hearing Examiner concluded that respondent's child support obligation should be $309 per week. He further directed that respondent pay $300 per week in maintenance.

Petitioner filed objections to the Hearing Examiner's order. Family Court, without making findings of fact, modified the order of the Hearing Examiner and directed respondent to pay child support in the amount of $768 per week, in addition to $300 per week in maintenance. Respondent appeals.

Respondent contends that the court erred in failing to set forth its reasons for applying the CSSA percentage to respondent's income in excess of $80,000. We agree. The record establishes that the court applied the statutory percentage to respondent's income in excess of $80,000 without setting forth its reasons. "The blind application of the statutory formula to [respondent's income] over $80,000, without any express findings or record evidence of the children's actual needs, constitutes an abdication of judicial responsibility and renders meaningless the statutory provision setting a cap on strict application of the formula" (*Matter of Panossian v Panossian*, 201 AD2d 983; *see also, Matter of Cassano v Cassano,* 85 NY2d 649, 654; *Chasin v Chasin*, 182 AD2d 862, 863).

Where, as here, respondent's income exceeds $80,000, the court may determine the amount of child support with respect to the amount of income in excess of $80,000, either "through consideration of the factors set forth in [Family Court Act § 413 (1) (f)] and/or the child support percentage" (Family Ct Act § 413 [1] [c] [3]; *see, Matter of Holmes v Holmes*, 184 AD2d 185, 187; *Harmon v Harmon*, 173 AD2d 98, 110). Therefore, we reverse the order and remit the matter to Erie County Family Court to make findings of fact and to determine the amount of child support in light of those findings in accordance with the CSSA. We direct that, upon remittal, respondent be permitted to deduct his $300 per week maintenance obligation in arriving at the amount of his income available for child support only if the existing court order or the order to be entered by the court contains a provision "for a specific adjustment * * * in the amount of child support payable upon the termination of * * * maintenance to [petitioner]" (Family Ct Act § 413 [1] [b] [5] [vii] [C]; *see, Lenigan v Lenigan*, 159 AD2d 108, 111). We further direct that, in arriving at the amount of respondent's "income" as defined by Family Court Act § 413 (1) (b) (5), the court must include respondent's 1993 "gross (total) income as should have been or should be reported in the most recent federal income tax return", plus the sum of the amounts determined by application of subparagraphs (ii), (iii), (iv), (v) and (vi) of Family Court Act § 413 (1) (b) (5), reduced by the amount determined by application of subparagraph (vii) of Family Court Act § 413 (1) (b) (5). We note that the 1993 gross income of respondent, as reported on his 1994 Federal income tax return, was $211,434 and not $200,000 as found by the Hearing Examiner. That amount, however, is subject to deductions otherwise allowed for New York City and Federal Insurance Contributions Act (FICA) taxes actually paid (*see*, Family Ct Act § 413 [1] [b] [5] [vii] [G], [H]). (Appeal from Order of Erie County Family Court, Dillon, J.—Child Support.) Present—Green, J. P., Pine, Wesley, Callahan and Davis, JJ.