■ In the Matter of NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of D. A. H., Respondent, v C. B., Appellant. (Appeal No. 1.) [652 NYS2d 560] —Appeal unanimously dismissed without costs (see, Frankel v Manufacturers Hanover Trust Co., 106 AD2d 542). (Appeal from Order of Niagara County Family Court, Hamilton, Jr., H. E.—Support.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.

■ In the Matter of NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of D. A. H., Respondent, v C. B., Appellant. (Appeal No. 3.) [651 NYS2d 785] —Order unanimously reversed on the law without costs and matter remitted to Niagara County Family Court for further proceedings in accordance with the following Memorandum: Petitioner commenced a proceeding seeking child support from respondent for their daughter, who was born out of wedlock on July 13, 1993. An order of filiation and temporary support was entered in April 1994 requiring respondent to pay $1,064 a month for child support, beginning April 15, 1994, and requiring respondent to exercise any option of additional medical/health insurance available to him for the benefit of the child. A hearing on permanent child support was held in November 1994. Petitioner

testified regarding the needs of the child; the parties agreed to the introduction into evidence of various employment contracts of respondent. The Hearing Examiner, although noting that respondent's base salary at the time of the hearing was $1,300,000 a year with potential incentive pay, adopted $675,000 a year as a fair representation of respondent's income at the time of the birth of the child. The Hearing Examiner further determined that petitioner's income was $17,654 a year. After subtracting FICA, the total parental income was calculated at $639,666.45 a year, and, applying the Child Support Standards Act (CSSA) formula to that amount, respondent's pro rata share was $2,028.48 a week, or $8,722.48 a month.

In deciding to apply the statutory formula to the combined parental income in excess of $80,000, the Hearing Examiner found that the CSSA was "not a needs-based statute and that children should share pro-rata in the economic ability of the parents to provide support"; that respondent's income was likely to remain the same or increase modestly for a few years, then would decrease when respondent was no longer a professional athlete and the child was approaching college age; and that respondent did not present any evidence to support "a basis for deviation from the CSSA". The Hearing Examiner further established arrears in the amount of $208,884, less any payments received by the Niagara County Department of Social Services. Finally, the Hearing Examiner ordered respondent to provide medical, dental, optical, and orthodontic insurance for the child.

Respondent filed objections to the order of the Hearing Examiner; Family Court considered the written objections and ordered that the issue whether respondent "should reimburse [petitioner] a reasonable sum from the date of birth to the date of application for an order of filiation, taking into consideration the needs of the child" be remanded to the Hearing Examiner. A hearing was held and the Hearing Examiner modified his previous order by making the effective date September 8, 1993. Family Court adopted that modification and otherwise ordered that all provisions of previous orders not specifically modified remain in full force and effect. Respondent appeals from that order.

Family Court Act § 413 (1) (c) (3) provides that, where the combined parental income exceeds $80,000, the court "shall determine the amount of child support for the amount of combined parental income in excess of [$80,000] through consideration of the factors set forth in paragraph (f) of this subdivision and/or the child support percentage." Paragraph

(f) provides that the court shall calculate the basic child support obligation and then, unless the court finds that the noncustodial parent's pro rata share of the basic child support obligation is "unjust or inappropriate," shall order the noncustodial parent to pay his or her pro rata share of the basic child support obligation (Family Ct Act § 413 [1] [f]). A finding that the pro rata share is unjust or inappropriate must be based on consideration of 10 factors, including the financial resources of the custodial and noncustodial parents and those of the child; the physical and emotional health of the child and his/her special needs and aptitudes; a determination that the gross income of one parent is substantially less than that of the other; and "[a]ny other factors the court determines are relevant in each case" (Family Ct Act § 413 [1] [f] [10]).

In *Matter of Cassano v Cassano* (85 NY2d 649), the Court of Appeals emphasized that the purpose of the legislation was to shift " 'from a balancing of the expressed needs of the child and the income available to the parents after expenses to the total income available to the parents and the standard of living that should be shared with the child' " (*Matter of Cassano v Cassano, supra*, at 652, quoting Reichler and Lefcourt, *The New Child Support Standards Act*, NY St B J 36, 44 [Feb. 1990]). Thus, the Court held that, when a trial court chooses to apply the statutory percentage to combined parental income over $80,000, it is required to provide "some record articulation" of the reasons in order to facilitate appellate review (*Matter of Cassano v Cassano, supra*, at 655, citing CPLR 4213 [b]). Conversely, where the formula is rejected, the trial court has to set forth " 'in a written order, the factors it considered' " in deviating from the statutory formula (*Matter of Cassano v Cassano, supra*, at 653, quoting Family Ct Act § 413 [1] [g]). Since *Cassano*, the main issue addressed by appellate courts has been whether there is a sufficient articulated reason for a determination whether to apply the formula to combined parental income in excess of $80,000 (*see, Matter of Schmitt v Berwitz*, 228 AD2d 604; *Manno v Manno*, 224 AD2d 995).

We have held that " '[t]he blind application of the statutory formula to [combined parental income] over $80,000, without any express findings or record evidence of the children's actual needs, constitutes an abdication of judicial responsibility and renders meaningless the statutory provision setting a cap on strict application of the formula' " (*Matter of Dower v Niewiadowski*, 233 AD2d 847, quoting *Matter of Panossian v Panossian*, 201 AD2d 983; *see, Colley v Colley*, 200 AD2d 839, 841; *Harmon v Harmon*, 173 AD2d 98, 111). In addition to providing

a record articulation for deviating or not deviating from the statutory formula, the trial court must relate that record articulation to the statutory factors (*see, Matter of Ballard v Davis*, 229 AD2d 705) and must consider the needs of the child as a factor (*see, Matter of Schmitt v Berwitz, supra; Matter of Sorrentino v Sorrentino*, 203 AD2d 829, 830).

We conclude that the Hearing Examiner erred in not providing a sufficient record articulation of his reasons for applying the statutory formula to the combined income in excess of $80,000 and in not considering the reasonable needs of the child. At the hearing, petitioner introduced evidence that the needs of the child are $2,624.47 a month; nevertheless, the Hearing Examiner ordered respondent to pay more than three times that amount. The Hearing Examiner relied, in part, on the likelihood that respondent's income would decrease when respondent is no longer a professional athlete. There is no evidence in the record regarding the longevity of respondent's career or the potential sources of income respondent will have available to him upon the completion of his career. In any event, the parties are free to seek modification of support as their respective incomes increase or decrease.

The Hearing Examiner also erred in adopting $675,000 a year as a fair representation of respondent's income at the time of the birth of the child. The proper method of calculating income is set forth in Family Court Act § 413 (1) (b) (5), namely, " 'gross (total) income as should have been or should be reported in the most recent federal income tax return', plus the sum of the amounts determined by application of subparagraphs (ii), (iii), (iv), (v) and (vi) of Family Court Act § 413 (1) (b) (5), reduced by the amount determined by application of clause (vii) of Family Court Act § 413 (1) (b) (5)" (*Matter of Dower v Niewiadowski, supra*, at 849). Respondent did not provide any financial information except his employment contracts, which do not provide specific information regarding respondent's income because the contracts include incentive clauses that may or may not have been fulfilled.

We agree with respondent that he is entitled to a credit of $16,492 against arrears for temporary support; petitioner concedes that "a recalculation will have to be done of arrears". Because we are remitting the matter for a new hearing, we do not address respondent's contention that the Hearing Examiner abused his discretion in not establishing an installment payment plan for arrears. In any event, the statute provides that any retroactive support "shall be paid in one sum or periodic sums as the court shall direct, taking into account any amount

of temporary support which has been paid" (Family Ct Act § 545 [1]; *see also*, Family Ct Act § 440 [1] [a]).

Thus, we remit the matter to Niagara County Family Court for a new hearing before a different Hearing Examiner so that additional evidence can be presented regarding the paragraph (f) factors, including the needs of the child, and the income of respondent. The Hearing Examiner must provide a record articulation of the reasons for the decision whether or not to apply the statutory percentage to combined parental income in excess of $80,000. (Appeal from Order of Niagara County Family Court, Hamilton, Jr., H. E.—Support.) Present—Denman, P. J., Lawton, Fallon, Wesley and Balio, JJ.