■ ANNE-MARIE NORDGREN, Respondent, v JAMES F. NORD-GREN, Appellant. [655 NYS2d 585] —In an action for a divorce and ancillary relief, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), dated July 15, 1996, as granted those branches of the plaintiff wife's motion which were for awards of maintenance and child support pendente lite, and to enjoin him from transferring or disposing of any marital assets.

Ordered that the order is affirmed insofar as appealed from, with costs.

The husband's contention that the Supreme Court improperly included his annual bonuses in calculating temporary maintenance is without merit. In computing an award of temporary maintenance, this Court has included the bonuses given the payor spouse as gross income *(see, Ryan v Ryan,* 186 AD2d 245, 246). Other courts have similarly included bonuses in their calculations *(see, Quilty v Quilty,* 169 AD2d 979, 980; *Matter of McBride v Luther,* 124 AD2d 1056, 1057). Any perceived inequity can be remedied by proceeding expeditiously to trial *(see, Fink v Fink,* 182 AD2d 669; *Samuelson v Samuelson,* 124 AD2d 650, 651).

Contrary to the husband's contention, there was nothing in the Supreme Court's order indicating that it relied upon the Child Support Standards Act (Domestic Relations Law § 240 [1-b]) in determining the amount to be paid as temporary child support. In any event, while a court is not required to apply the Child Support Standards Act in fixing pendente lite child support, the court may properly rely upon it for guidance *(see, Ryan v Ryan, supra; Koerner v Koerner,* 170 AD2d 297; *see also, Stanton v Stanton,* 211 AD2d 781, 782). Lastly, it is evident from the record that the husband had exclusive control of virtually all of the family's finances throughout the marriage, and, on or about the date of the commencement of the instant action, he withdrew $35,000 from an equity/money market account. It was therefore appropriate for the court to enjoin him from disposing of any marital assets *(see, Frankel v Frankel,* 150 AD2d 520; *Chosed v Chosed,* 116 AD2d 690, 691). Miller, J. P., Ritter, Thompson and Krausman, JJ., concur.