■ JANE RUBY, Appellant, v RAYMOND RUBY, Respondent. (Appeal No. 1.) [688 NYS2d 368] —Order and judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Contrary to plaintiff's contentions, Supreme Court did not rely solely on the child's needs in determining child support, and the court made a "record articulation" of its reasons for not applying the statutory percentage to the parental income in excess of $80,000 (*Matter of Cassano v Cassano*, 85 NY2d 649, 655; *see, Matter of Dower v Niewiadowski*, 233 AD2d 847, 848). We further reject plaintiff's contention that the court erred in calculating the interest income of defendant in determining his child support obligation.

We agree with plaintiff, however, that the court erred in failing to provide for an increase in child support upon the termination of defendant's maintenance obligation to plaintiff (*see,* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *see, Lekutanaj v Lekutanaj*, 234 AD2d 429; *Matter of Dower v Niewiadowski, supra,* at 849; *Polychronopoulos v Polychronopoulos*, 226 AD2d 354). Once the maintenance payments end, defendant's pro rata percentage of the combined income will increase from 80% to 83%, and the child support award of $343 per week will increase to $356 per week.

We reject the contention of plaintiff that she has an interest in the Honeoye Lake or Canandaigua Lake properties. Pursuant to the valid and enforceable prenuptial agreement, plaintiff

has no interest in those properties because she was not the title holder at the time of the divorce.

Finally, we reject the contention of plaintiff that the award of attorney's fees is inadequate (*see generally*, Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881).

We modify the order and judgment, therefore, by providing in the third ordering and decretal paragraph that, upon termination of maintenance, defendant's child support obligation shall increase to $356 per week. (Appeal from Order and Judgment of Supreme Court, Monroe County, Frazee, J.— Matrimonial.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.