■ E. CHRISTOPHER MURRAY, Respondent, v SUSAN MURRAY, Appellant. [877 NYS2d 121]—

In a matrimonial action in which the parties were divorced by judgment dated January 3, 2002, the defendant appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Diamond, J.), dated October 31, 2007, which, inter alia, upon granting the plaintiff's cross motion for leave to renew his previous cross motion for the calculation of his child support obligation, deducted mainte-

nance in the amount of $24,166 from the plaintiff's 2005 income and added that same amount to her 2005 income for the purpose of computing the parties' respective child support obligations, apportioned 84% of the annual child support obligation to the plaintiff and 16% to her, and directed the plaintiff to pay child support in the amount of only $622.07 per week.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof deducting maintenance in the amount of $24,166 from the plaintiff's 2005 income and adding that same amount to the defendant's 2005 income for the purpose of computing the parties' respective child support obligations, (2) by deleting the provision thereof apportioning 84% of the annual child support obligation to the plaintiff and 16% to the defendant, and substituting therefor a provision apportioning 100% of the annual child support obligation to the plaintiff and 0% to the defendant, and (3) by deleting the provision thereof directing the plaintiff to pay child support in the amount of $622.07 per week, and substituting therefor a provision directing the plaintiff to pay child support in the amount of $740.56 per week; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

Contrary to the plaintiff's contention and the Supreme Court's determination, the plaintiff was not entitled to deduct spousal maintenance in the amount of $24,166 which he paid to the defendant in 2005 from his income for the purposes of determining his child support obligation for the year 2006 and thereafter. Pursuant to the parties' stipulation of settlement, the plaintiff's obligation to pay maintenance terminated on January 31, 2006, and it is undisputed that the spousal maintenance payments constituted the defendant's sole source of income for child support purposes. Moreover, in accordance with Domestic Relations Law § 240 (1-b) (b) (5) (vii) (C), the stipulation of settlement and the judgment of divorce provided that the child support obligation was to be recalculated commencing February 1, 2006 (i.e.,when maintenance was no longer being paid) by using the parties' combined 2005 parental income. These recalculation provisions were designed to comply with the statute by ensuring that the plaintiff's additional income resulting from the termination of his maintenance obligation would be considered in determining his post-maintenance child support obligation (*see Schiffer v Schiffer*, 21 AD3d 889, 890-891 [2005]; *Miller v Miller*, 299 AD2d 463, 464 [2002]; *Ruby v Ruby*, 259 AD2d 982 [1999]; *Frei v Pearson*, 244 AD2d 454, 456 [1997]; *Polychronopoulos v Polychronopoulos*, 226 AD2d 354, 356 [1996]). Accordingly, the Supreme Court

erred in deducting the 2005 maintenance payments in the amount of $24,166 from the plaintiff's income and adding that same amount to the defendant's 2005 income for the purpose of calculating post-2005 child support, and in fixing the plaintiff's and the defendant's proportionate share of the annual child support obligation at 84% and 16%, respectively. Adding $24,166 back into the plaintiff's 2005 income, fixing the plaintiff's and the defendant's proportionate share of the annual child support obligation at 100% and 0%, respectively, and calculating the parties' collective annual support obligation by multiplying the combined parental adjusted gross income by 25% pursuant to the Child Support Standards Act, the plaintiff's new child support obligation is fixed at $740.56 per week.

We do not consider the defendant's remaining contentions, as they are improperly raised for the first time on appeal (*see Provident Bank v Giannasca*, 55 AD3d 812 [2008]; *Gallagher v Gallagher*, 51 AD3d 718, 719 [2008]; *Dudla v Dudla*, 304 AD2d 1009, 1010 [2003]; *Fascaldi v Fascaldi*, 209 AD2d 576, 578 [1994]). Mastro, J.P., Florio, Covello and Belen, JJ., concur.