OPINION OF THE COURT
Alfred J. Weiner, J.
This is an omnibus motion by the plaintiff (hereinafter wife) for an order granting pendente lite relief. Plaintiff seeks temporary custody of the parties’ children, ages 20 and IPh, temporary child support, temporary spousal maintenance, exclusive use and occupancy of the marital residence in Stony Point, New York, directing defendant (hereinafter husband) to pay all carrying charges on said residence as well as the parties’ vacation home in Tafton, Pennsylvania and the commercial property owned by the parties and located in Middletown, New York. Plaintiff also seeks an order directing defendant to pay all automobile related expenses, including insurance, for her vehicle and the children’s vehicles, directing defendant to pay all medical expenses including the cost of health insurance for the family, plaintiffs attorneys fees as well as all appraisal and forensic accounting fees.
It is ordered, that this application is disposed of as follows:
Background
The parties were married on May 29, 1988 and separated in August 2010 when the defendant moved out of the marital residence. There are two children of the marriage, ages 20 and 17V2, who live with the wife at the marital residence.
The wife is 47 years old and lists her occupation as a part-time dog trainer. Her 2009 W-2 shows income of $136,780 received from her husband’s business. The wife lists assets in her own name that are worth approximately $284,337 consisting of a 401(k) retirement account ($220,139), an IRA account ($55,064) and an Oppenheimer fund ($9,134).
The husband is 56 years old and is self-employed. The parties’ joint 2009 income tax return showed the parties had an adjusted gross income of $424,240. His 2009 W-2 shows income from his business of $155,818. The husband has assets in his name that are worth approximately $568,996. The parties jointly own other assets whose values are undetermined at this time.
*939 The husband claims that, historically, the household expenses have averaged between $6,000 to $8,000 and that the expenses on plaintiffs statement of net worth are “bloated” and designed to make it appear that her needs are greater.
The wife states that her husband has recently been controlling her access to funds and left her in “dire circumstances.” The court notes that a preliminary conference was held on December 10, 2010 during which the husband agreed to maintain the status quo by depositing $2,000 per month into the parties’ joint checking account for child support, by continuing to pay the mortgage on the marital residence and agreeing that his business will continue to direct deposit $1,732.24 into the wife’s checking account. He further agreed to continue to pay all automobile expenses for the family, including the wife’s car as well as her gas credit card. The husband further agreed to pay the following: (1) for the necessary evaluations in this action, (2) for the family’s health insurance expenses, and (3) for the carrying charges of the parties’ vacation property in Pennsylvania. He also agreed to the wife having custody of the parties’ daughter and to the wife having exclusive occupancy of the marital residence. It was further agreed that the husband would have exclusive occupancy of the parties’ vacation home in Tafton, Pennsylvania.
Temporary Spousal Maintenance
It is well settled that in determining the amount of a pendente lite award, “the court must arrive at an accommodation between the ‘reasonable needs’ of the spouse making the application and the financial ability of the other spouse to provide for those needs” (Stern v Stern, 106 AD2d 631, 632 [1984]; Merle v Merle, 227 AD2d 455 [1996]; Van Ess v Van Ess, 100 AD2d 848 [1984]).
Recently, in an effort to reform the State’s spousal maintenance awards and provide consistency and predictability in calculating temporary spousal maintenance awards, the New York State Legislature amended the Domestic Relations Law by adding a new section[1] for all cases commenced on or after October 12, 2010. The case at bar was commenced on October 13, 2010. Therefore, the new statute is applicable.
The legislation requires that courts conduct a formula approach to the calculation of temporary maintenance awards and *940 to award such temporary spousal maintenance unless the court finds that the presumptive award is unjust or inappropriate and adjusts the presumptive award of temporary maintenance accordingly. Any deviation from the presumptive award must be based upon the consideration of 17 factors established by the Legislature. The statutory requirement does not apply to final awards.
The court has performed a number of calculations outlined below in order to determine the presumptive award. (Domestic Relations Law § 236 [B] [5-a].)
Calculation I
Gross Income Calculation for Support Purposes
For purposes of both child support and maintenance calculations, annual income is defined as gross income less FICA and New York City taxes; thus, the following calculations result in the parties’ annual income calculation as follows:
Husband Wife
Gross Income $155,818 $136,780
FICA and Medicare $9,000 $8,844
New York City Tax n/a n/a
Total Income $146,818 $127,936
The “Payor” is the spouse with the higher income and the “Payee” is the spouse with the lower income.[2]
Calculation II
Mandatory Pendente Lite Maintenance Calculation Pursuant to the Statute
Calculation A: 30% of payor’s income minus 20% of payee’s income
(a) payor’s income $146,818 x .3 30% of payor’s income = $44,045
(b) payee’s income $127,936 x .2 20% of payee’s income = $25,587
(c) 30% of payor’s income $44,045
20% of payee’s income $25,587
Calculation A total $18,458
*941 Calculation B: 40% of combined income minus payee’s income
(a) husband’s income $146,818
wife’s income + $127,936
Combined income $274,754
(b) combined income $ 274,754 x .4 = $109,902
40% of combined income= $109,902
(c) 40% of combined income $109,902
payee’s income $127,936
Calculation B total ($ 18,034)
The guideline amount is the lesser of Calculation A and Calculation B or zero if Calculation B is less than or equal to zero:
Calculation A: $18,458
Calculation B: ($18,034)
Guideline amount: -0-
Low Income Calculation
Where the guideline amount would reduce the payor’s income below the self-support reserve (in 2010 it was $14,620), the award is the payor’s income minus the self-support reserve. If the low income award equals zero, there is no adjustment for low income.
Payor’s income: $146,818
Guideline amount: -0-
The. guideline amount does not reduce the payor’s income below the self-support reserve; accordingly, there is no low income adjustment herein.
The payee spouse is entitled to the lower of the above two resulting figures, absent any finding that the presumptive amount would be unjust or inappropriate based on the factors delineated in Domestic Relations Law § 236 (B) (5-a) (e) (1). The factors include the age and health of the parties, their earning capacity, a party’s care of children or other family members that inhibits his or her earning capacity, the need of a party to pay for exceptional additional expenses for the parties’ children, the contributions of the party seeking temporary maintenance to the marriage, the existence and duration of a premarital joint household or a predivorce separate household, and any other factor that the court finds to be just and proper.
Among the factors the court may consider to determine if the resulting presumptive award is unjust or inappropriate is factor (q), which states, “any other factor which the court shall *942 expressly find to be just and proper.” (Domestic Relations Law § 236 [B] [5-a] [e] [1] [q].)
Here, the plaintiff states that she has been a “stay-at-home” mother throughout the marriage — a fact not disputed by the defendant — and her sworn statement of net worth shows no income. However, the defendant states that income of $136,780 is “attributed” to the plaintiff from his solely owned corporation in 2009. No further explanation is offered by the defendant leading this court to conclude that the income “attributed” to the plaintiff was a bookkeeping matter and that the plaintiff did not receive the income in the traditional sense. Consequently, the court finds that it would be unjust and inappropriate for temporary spousal maintenance to be awarded based upon the presumptive award that was calculated[3] and finds that the sum of $2,000 per month would be a proper sum and defendant is hereby ordered to pay same to the plaintiff commencing 10 days from the date hereof. This award of temporary maintenance shall continue until the final maintenance award or the death of either party, whichever occurs first.
Tax Consequences of Maintenance
In awarding maintenance the court has taken into consideration the tax deduction which defendant will be entitled to as a result of the maintenance award and which further increases the amount of plaintiffs net income. (Blasco v Blasco, 99 AD2d 747 [2d Dept 1984]; Domestic Relations Law § 236 [B] [5-a] [e] [1] [m].)
Temporary Child Support
In awarding temporary support, the court may consider the guidelines contained in the Child Support Standards Act[4] as well as the factors that permit a deviation from the standard calculation, as delineated in Domestic Relations Law § 240 (1-b) (f), such as the financial resources of the custodial and noncustodial parents and those of the children, the physical and emotional health of the children, and their educational or vocational needs and aptitudes, as well as the nonmonetary contributions that the parents will make toward the care and well-being of the children. However, in calculating child support, the court is not bound by the guidelines. (Nordgren v Nordgren, 237 AD2d 498 [2d Dept 1997].)
*943 It is well settled that the purpose of a pendente lite award is to “ensure that a needy spouse is provided with funds for . . . [the] reasonable needs . . . of the children in his or her custody.” (See Cooper v Cooper, 7 AD3d 746, 747 [2d Dept 2004] [emphasis added]; Formato v Formato, 173 AD2d 274 [1st Dept 1991].) Guided by the above, the husband is directed to pay $2,000 per month child support, the sum he agreed to deposit into the parties’ joint checking account for child support at the preliminary conference.
Retroactivity/Arrears
The support awards made herein are retroactive to the original date of service of this application. (Domestic Relations Law § 236 [B] [6]; Dooley v Dooley, 128 AD2d 669 [2d Dept 1987].) Retroactive sums due by reason of this award shall be paid at the rate of $1,000 per month in addition to the sums awarded until all arrears have been satisfied. The first payment hereunder shall be made within 10 days of the date of this decision and then monthly thereafter.
The husband may take a credit for sums voluntarily paid for actual maintenance and support of the wife and children incurred after the making of this motion and prior to the date of this decision for which he has canceled checks or other similar proof of payment. (Peltz v Peltz, 56 AD2d 519 [1st Dept 1977]; Pascale v Pascale, 226 AD2d 439 [2d Dept 1996].)
Counsel Fees
Domestic Relations Law § 237 authorizes the court to direct either spouse to pay counsel fees in order to enable the other spouse to carry on or defend the action as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties. (DeCabrera v Cabrera-Rosete, 70 NY2d 879 [1987].) Chapter 329 of the Laws of 2010, applying to actions commenced on or after October 12, 2010, establishes a rebuttable presumption that fees for attorneys in matrimonial proceedings shall be paid by the monied spouse, in this case, the defendant, and it applies to any applications made at any time prior to final judgment, including pendente lite applications. The law requires that both parties and their counsel file affidavits detailing their arrangements with counsel, including retainers. The court is given discretion to award counsel fees and fees and expenses of experts in order to ensure that the parties are adequately represented, including ordering pendente lite payment.
*944 Inasmuch as it appears that the wife lacks sufficient funds of her own to compensate counsel without depleting her assets, the wife is awarded interim counsel fees in the sum of $10,000 to be paid by the husband directly to the wife’s attorney, within 20 days after the date of this decision.
If the counsel fees are not paid within 20 days the clerk may enter a money judgment in favor of counsel upon written affirmation. No further notice is required.
In calculating the sums herein awarded, the court carefully considered the amounts the defendant separately agreed to pay at the December 10, 2010 preliminary conference and he is hereby ordered to pay those amounts retroactive to that date. All other requests for relief that have not been specifically addressed herein are denied, in the court’s discretion.

. Domestic Relations Law § 236 (B) (5-a).

. Domestic Relations Law § 236 (B) (5-a) (b) (1), (2).

. Zero.

. Domestic Relations Law § 240 (1-b) (c).