■ ARINA ARISTOVA, Respondent, v MICHAEL DERKACH, Appellant. [67 NYS3d 21]—

Judgment of divorce, Supreme Court, New York County (Matthew F. Cooper, J.), entered April 22, 2015, to the extent appealed from as limited by the briefs, adjudging valid and enforceable the parties' postnuptial agreement terminating a prior separation agreement, directing plaintiff to pay durational spousal maintenance prospectively only, directing defendant to pay 28% of the children's add-on expenses, and awarding defendant $50,000 in counsel fees, and bringing up for review an order, same court and Justice, entered on or about May 12, 2012, which denied as untimely defendant's motion for summary judgment invalidating the termination agreement, unanimously affirmed, with costs.

On December 27, 2004, the parties signed an agreement, effective as of August 1, 2004 (the termination agreement), pursuant to which they terminated a preexisting separation agreement but agreed, among other things, that property each had acquired before August 1, 2004 would be separate property.

The court correctly denied defendant's motion for summary judgment invalidating the Termination Agreement as untimely, since it was made after the deadline set in a so-ordered stipulation and on the eve of trial (CPLR 3212 [a]). Contrary to defendant's argument that he could not make the motion until plaintiff served a reply to his counterclaims, issue was joined on the question of the validity of the termination agreement and other postnuptial agreements when defendant served his answer. In any event, defendant was able to fully litigate the issues on the merits at trial.

The court correctly determined equitable distribution in accordance with the terms of the termination agreement (*see Tirrito v Tirrito*, 191 AD2d 686 [2d Dept 1993]), upon its finding after trial that defendant failed to prove that the Termination Agreement, which was written, signed, and properly acknowl-

edged, was invalid. While he was not represented by counsel, defendant, an engineer with an MBA, was sufficiently sophisticated to be aware that he might need counsel, particularly given plaintiff's forthright explanation that her purpose in entering into the agreement was to protect her rights to an apartment she had purchased before August 1, 2004, and the fact that she had given him a week to review the agreement before signing it. Moreover, plaintiff, although an attorney, was not a matrimonial lawyer, and needed the help of online forms in drafting the agreement. We note that the court found that, of the parties, plaintiff was the more credible witness, and this determination is entitled to deference (see Petracca v Petracca, 101 AD3d 695, 699 [2d Dept 2012]).

Under the circumstances of this case, the court properly awarded prospective maintenance only (see e.g. Hendry v Pierik, 78 AD3d 784 [2d Dept 2010]; Grumet v Grumet, 37 AD3d 534 [2d Dept 2007], lv denied 9 NY3d 818 [2008]; see also Grunfeld v Grunfeld, 255 AD2d 12, 22 [1st Dept 1999], mod on other grounds 94 NY2d 696 [2000]). During the first two years following commencement of the action, the parties lived together in the marital residence with their children. The trial evidence showed that, during that period, plaintiff voluntarily bore the majority of the family's expenses, including costs associated with the parties' cooperative apartment, and the family's medical and dental insurance costs, as well as groceries and other family expenses. Indeed, defendant did not move for pendente lite relief until two months before the scheduled trial date.

Defendant's contention that he was entitled to a credit against the retroactive child support award was unsupported by a showing of any payments he made for child-related expenses. To the extent he relies on his payments towards the mortgage and maintenance on the marital residence, we find that these payments were made in satisfaction of defendant's own contractual obligations and do not constitute the voluntary payments contemplated under Domestic Relations Law § 236 (B) (7) (A) (see Krantz v Krantz, 175 AD2d 865 [2d Dept 1991], accord Sergeon v Sergeon, 216 AD2d 122 [1st Dept 1995]). Nor did defendant show that the court erred in directing him, based on the parties' combined income, to pay 28% of child care costs (see Domestic Relations Law § 240 [1-b] [c] [4]) and 28% of the children's extracurricular expenses, which plaintiff demonstrated were incurred as a means of child care to enable her to work (see Micciche v Micciche, 62 AD3d 673 [2d Dept 2009]).

The court providently exercised its discretion in reducing the special referee's recommended award of counsel fees by $10,000, taking into account the parties' disparate financial circumstances and the relative merits of the parties' positions. The court also properly denied defendant's application for an additional $10,000 in fees incurred in opposing plaintiff's motion to modify the special referee's report, since the motion was not frivolous and indeed was successful on several fronts.

We have considered defendant's remaining arguments and find them unavailing. Concur—Friedman, J.P., Gische, Kapnick, Kahn and Moulton, JJ.