■ ANN DE GASPERIS, Respondent-Appellant, v LUIGI DE GASPERIS, Appellant-Respondent. — In a matrimonial action (1) the defendant husband appeals from an order of the Supreme Court, Westchester County (Wood, J.), dated April 5, 1982, which denied his motion to amend a prior award of counsel fees to the plaintiff wife, and (2) the plaintiff appeals from an order of the same court (Ruskin, J.), entered August 23, 1982, which, *inter alia,* denied her motion for leave to enter a money judgment in her favor in the amount of $44,000. Order dated April 5, 1982, affirmed. No opinion. Order entered August 23, 1982, reversed, on the law, motion granted to the extent that plaintiff is awarded judgment in her favor in the principal sum of $34,000 with a direction that upon satisfaction of the judgment plaintiff shall deliver to defendant a deed conveying to him her interest in the marital premises, and matter is remitted to the Supreme Court, Westchester County, for entry of an appropriate judgment which shall include reasonable counsel fees and interest. Plaintiff is awarded one bill of costs. This divorce action was commenced in December, 1979. Thereafter, on September 25, 1980, the parties entered into a stipulation of settlement which provided, *inter alia,* that the plaintiff wife would have custody of the parties' two children, and that while no claim for alimony would be made by plaintiff, defendant husband's child support obligation would be satisfied by a lump-sum payment of $14,000 to plaintiff, on or before December 30, 1980, to be held in trust for the children's education. It was further agreed that plaintiff would convey her interest in the marital residence to defendant for the sum of $30,000, also to be paid on or before December 30, 1980, and she would vacate the premises within 60 days after receipt of the $30,000. The agreement also provided that the prevailing party in any proceeding to enforce the stipulation would be entitled to reasonable counsel fees. Following an inquest on the merits of plaintiff's complaint, and the withdrawal of defendant's answer and counterclaims, a judgment of divorce was granted to plaintiff. It was agreed, however, between the parties, that for tax purposes the judgment would not be submitted for the court's signature until after December 31, 1980. The stipulation was soon modified to provide that in exchange for defendant's immediate payment of $10,000 of his

obligation, plaintiff would agree to vacate the marital premises by October 15, 1980. The modification specifically provided that defendant's remaining obligations were due on schedule. Plaintiff accepted the $10,000 and vacated the marital premises. Thereafter, defendant defaulted on his obligations due on December 30, 1980. Apparently, no action was taken by plaintiff at the time. In March, 1981, defendant moved to vacate the stipulation on the grounds that he did not understand the terms and conditions thereof, and had not been properly represented by counsel. Plaintiff cross-moved for enforcement of the stipulation. On February 26, 1982, after a hearing, Special Term denied the motion to vacate the stipulation and granted plaintiff counsel fees. Defendant's application to amend the award of counsel fees was denied on April 5, 1982. Thereafter, on May 18, 1982, the judgment of divorce, which had not yet been signed, was executed *"nunc pro tunc* for September 25, 1980". Certain specific terms of the stipulation were expressly incorporated into the judgment — including those regarding defendant's financial obligations and the entitlement to counsel fees in enforcement proceedings — and the stipulation was merged into the judgment. Following entry of the judgment, plaintiff moved for leave to enter a money judgment in her favor in the sum of $44,000 alleged to be due pursuant to the divorce judgment. Special Term, concluding that the $10,000 advance payment was not to be considered as liquidated damages, denied the motion in the exercise of discretion. The court also noted that defendant had offered plaintiff $20,000 in exchange for the deed with a caveat that he would pay the remaining $14,000 when the premises was sold. While we agree with Special Term that the amount of defendant's remaining obligation was $34,000 not $44,000, we conclude that it was an abuse of discretion to deny her an enforcement judgment (Domestic Relations Law, § 244). During the two years following execution of the agreement, defendant enjoyed the benefit of having full possession of the parties' marital residence, while plaintiff, who had forgone any claim to alimony, received only one third of the funds to which she was entitled and the children did not receive any of the child support. Under these circumstances, plaintiff was clearly entitled to an enforcement judgment. Moreover, we find pursuant to the terms of the divorce judgment that plaintiff is entitled to recover reasonable counsel fees, and remit the matter to Special Term to fix such fees and for entry of an appropriate judgment, which shall include interest on the principal sum of $34,000. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.