■ BONNIE B. CAVARETTA, Respondent, v FRANK R. CAVARETTA, Appellant.—Judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: On appeal from a judgment of divorce, defendant claims that the trial court's distribution of marital assets and award of child support was not supported by the record, and that the court erred in granting plaintiff a conditional money judgment.

The major marital assets consisted of the net proceeds from the foreclosure sale of the marital residence, an automobile owned by defendant and defendant's nonvested pension in the New York State Retirement System. The court, after due consideration of the statutory factors *(see,* Domestic Relations Law § 236 B [5] [d]), awarded plaintiff 60% and defendant 40% of the marital property, with the exception of the pension which the court distributed 50% to each party using the formula enunciated in *Majauskas v Majauskas* (61 NY2d 481). The record supports the court's equitable distribution given plaintiff's limited earning capacity. There is no merit to defendant's claim that his pension was not marital property because it was nonvested at the time the distribution was made. This claim has been uniformly rejected in this State *(see, Lentz v Lentz,* 103 AD2d 822; *Wilson v Wilson,* 101 AD2d 536, 542, *lv denied* 64 NY2d 607; *Damiano v Damiano,* 94 AD2d 132, 136-139; *Reed v Reed,* 93 AD2d 105, 110-111, *appeal dismissed* 59 NY2d 761; *Hebron v Hebron,* 116 Misc 2d 803, 808; *see also,* Scheinkman, Practice Commentary, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:7, at 205-206).

We agree with defendant that the trial court was without

authority to direct entry of a conditional judgment against defendant in the event there were insufficient funds on hand to pay plaintiff her equitable share of the marital assets. In the event of a default by defendant, plaintiff's remedy is to proceed pursuant to section 244 of the Domestic Relations Law *(see, Sementilli v Sementilli,* 102 AD2d 78, 85; *cf., De Gasperis v De Gasperis,* 98 AD2d 758, 759, *appeal dismissed* 62 NY2d 645). We have considered the other claims raised by defendant and find them lacking in merit. Accordingly, we delete from the judgment the provision granting plaintiff a conditional judgment and otherwise affirm. (Appeal from judgment of Supreme Court, Oneida County, Murphy, J.—divorce.) Present—Callahan, J. P., Doerr, Green, Pine and Davis, JJ.