■ MARGARET GRAHAM, Respondent, v JESSE GRAHAM, Appellant. [717 NYS2d 232] —In an action for a divorce and ancillary relief, the defendant appeals from so much of an order and judgment (one paper) of the Supreme Court, Rockland County (Weiner, J.), entered September 3, 1999, as, after a nonjury trial, awarded the plaintiff maintenance arrears in the sum of $10,738, arrears for first mortgage payments and real estate taxes in the sum of $89,880.80 and granted her leave to enter a money judgment in that sum, and arrears for child support in the sum of $30,065.

Ordered that the order and judgment is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings in accordance herewith.

The plaintiff and the defendant were married on August 29, 1973, and they have three children. In or about September 1997, the plaintiff commenced the instant action for a divorce and ancillary relief. By order dated April 7, 1998, the Supreme Court, *inter alia,* granted the plaintiff's application for pendente lite relief and directed the defendant to pay, among other things, the two mortgages and real estate taxes on the marital residence, automobile insurance for the plaintiff, $200 per week for child support, and $100 per week for maintenance.

In June 1998 the plaintiff moved to hold the defendant in contempt of court based on his failure to pay the first mortgage and real estate taxes on the marital residence. On July 27, 1998, the parties entered into a stipulation pursuant to which the defendant agreed that he owed arrears in the sum of $6,950 per month since January 1998, and that the plaintiff's maintenance would be increased by $200 per week commencing with the next payment due in July 1998. In addition, the stipulation provided that in the event the defendant failed to make the required mortgage payments, the plaintiff could move for additional retroactive maintenance.

In January 1999 a trial was held on the issues of maintenance, child support, and counsel fees. The plaintiff made an application for all arrears due and owing. During the trial, the defendant admitted that he had not paid the first mortgage

and real estate taxes on the marital residence as required by the pendente lite order. After trial, the Supreme Court, among other things, directed the defendant to pay maintenance in the amount of $865 per week, retroactive to the commencement of the action. After crediting him with payments of $49,262, the Supreme Court calculated that the defendant owed maintenance arrears of $10,738. The Supreme Court also determined that the plaintiff was entitled to recover the total sum of $89,880.80, based on the defendant's failure to pay the first mortgage and real estate taxes on the marital residence from September 1997, until the time of trial, a period of 16 months. According to the Supreme Court, "these payments constituted maintenance." The Supreme Court also directed the defendant to pay the plaintiff $562 per week in child support, retroactive to the commencement date of the action, and calculated child support arrears of $30,065, after crediting the defendant for amounts paid pursuant to the pendente lite order.

On appeal, the defendant argues that the Supreme Court improperly determined the amount of maintenance and child support arrears. We agree. The Supreme Court improperly awarded the plaintiff a double shelter allowance by directing the defendant to pay maintenance arrears consisting of the first mortgage payments and real estate taxes in addition to increasing the amount of maintenance retroactive to the commencement date of the action (*see, Krantz v Krantz,* 175 AD2d 865; *Lenigan v Lenigan,* 159 AD2d 108; *see also, Markopoulos v Markopoulos,* 274 AD2d 457).

The Supreme Court also incorrectly determined the amount of maintenance and child support arrears owed by the defendant, as it improperly failed to credit him for his payments of the plaintiff's automobile insurance premiums, the first and second mortgage payments, and real estate taxes as required by the pendente lite order (*see, Chan v Kwan Chan,* 267 AD2d 413; *Crane v Crane,* 264 AD2d 749; *Mellen v Mellen,* 260 AD2d 609; *Ferraro v Ferraro,* 257 AD2d 598). Because it cannot be determined from the record the amount of the credit to which the defendant is entitled, the matter must be remitted to the Supreme Court, Rockland County, to determine the credit due the defendant (*see, Ferraro v Ferraro, supra; Verdrager v Verdrager,* 230 AD2d 786).

Finally, we reject the defendant's contention that the Supreme Court improperly failed to credit him for voluntary payments that he allegedly made for the benefit of the children but not pursuant to a court order (*see, Lefkow v Lefkow,* 188 AD2d 589). Friedmann, J. P., Goldstein, H. Miller and Schmidt, JJ., concur.