■ DALE REBECCA SCHIFFER, Respondent-Appellant, v TODD JAY SCHIFFER, Appellant-Respondent, et al., Defendants. [800 NYS2d 752]—

Motion by the respondent-appellant, in effect, to clarify a decision and order of this Court dated March 28, 2005 [16 AD3d 662], which determined an appeal and cross appeal from an order of the Supreme Court, Westchester County, dated January 28, 2004.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, the decision and order dated March 28, 2005, in the above-entitled action is recalled and vacated, and the following decision and order is substituted therefor:

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Colabella, J.), dated January 28, 2004, as, after a nonjury trial, awarded the plaintiff maintenance in the sum of $2,500 per month for eight years, and child support in the sum of $8,031.75 per month, and awarded an attorney's fee to the plaintiff in the sum of $145,000, and the

plaintiff cross-appeals, as limited by her brief, from so much of the same order and judgment as failed to award maintenance and child support retroactive to the date the application for maintenance and child support was first made, failed to provide for an adjustment of child support upon the termination of maintenance, and denied her motion for arrears.

Ordered that the order and judgment is modified, on the law, by (1) deleting the provision thereof directing that maintenance commence on the date of entry of the judgment and substituting therefor a provision directing that payment of maintenance be made retroactive to February 22, 2002, the date the application for such maintenance was first made, and continue for a period of eight (8) years from that date until February 22, 2010, and (2) deleting the 20th decretal paragraph thereof; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings, including appropriate recalculations in accordance herewith and for the entry of an amended order and judgment thereafter; and it is further,

Ordered that pending the entry of an amended order and judgment, the defendant shall continue to pay maintenance and child support as directed by the order and judgment.

A party's child support and maintenance obligations are retroactive to the date the application was first made (*see* Domestic Relations Law § 236 [B] [6] [a]; [7] [a]). However, the party is also entitled to a credit for any amount of temporary maintenance and child support already paid (*see* Domestic Relations Law § 236 [B] [6] [a]; [7] [a]; *Burns v Burns,* 84 NY2d 369, 377 [1994]; *Sherman v Sherman,* 304 AD2d 744 [2003]).

Here, the summons with notice was filed on February 22, 2002 wherein the plaintiff sought, inter alia, maintenance and child support. The defendant was paying temporary support pursuant to a pendente lite order dated June 28, 2002, requiring him to pay the plaintiff the sum of $5,000 a month in unallocated child support and maintenance. Thus, the maintenance and child support awards must be recalculated retroactive to February 22, 2002, taking into account any credit due for amounts paid by the defendant pursuant to the pendente lite order (*see Ferraro v Ferraro,* 257 AD2d 598 [1999]; *Verdrager v Verdrager,* 230 AD2d 786 [1996]).

Additionally, while the Supreme Court properly deducted the amount of the maintenance award from the amount of the defendant's parental income used in calculating the child support obligation, the Supreme Court failed to account for the

increase in the defendant's parental income and the concomitant increase in the child support obligation upon the termination of the maintenance (*see* Domestic Relations Law § 240 [1-b] [b] [5] [vii] [C]; *Frei v Pearson*, 244 AD2d 454 [1997]; *Lekutanaj v Lekutanaj*, 234 AD2d 429 [1996]; *Polychronopoulos v Polychronopoulos*, 226 AD2d 354 [1996]).

Accordingly, the matter must be remitted to the Supreme Court, Westchester County, for a recalculation of the maintenance and child support awards to the extent indicated.

The parties' remaining contentions are without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.