■ MARY GRASSI, Appellant, v JOSEPH GRASSI, Respondent. [827 NYS2d 184]—

In an action commenced as one for a divorce but tried, pursuant to an amendment of the complaint, as one for support pursuant to Family Court Act article 4, the wife appeals from so much of an order of the Supreme Court, Queens County (Lebowitz, J.), dated October 27, 2005, as, after a hearing, directed the husband to pay her maintenance in the sum of only $350 per month retroactive to March 25, 2005, directed the husband to pay basic child support in the sum of only $551.50 per month retroactive to March 25, 2005, directed the husband to maintain medical insurance coverage on behalf of the wife only until 30 days after the date of the decision, upon which the order was entered, and denied her application for an attorney's fee.

Ordered that the order is modified, on the law and the facts, by (1) deleting from the third and fourth decretal paragraphs thereof the words "commencing on March 25, 2005" and substituting therefor the words "commencing on June 30, 2004," (2) deleting so much of the third decretal paragraph thereof as directed that the husband pay the wife maintenance in the sum of $350 per month and substituting therefor a provision directing that the husband pay the wife maintenance in the sum of $500 per month, (3) deleting so much of the seventh decretal paragraph thereof as directed that the husband maintain medical insurance coverage on behalf of the wife for a period of 30 days from the date of the decision and substituting therefor a provision directing that the husband maintain medi-

cal insurance coverage on behalf of the wife as long as they are married, and (4) deleting the provision thereof denying the wife's application for an award of an attorney's fee and substituting therefor a provision awarding the wife an attorney's fee in the sum of $10,000; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith.

The wife argues that the award of maintenance in the sum of $350 per month is inadequate. We agree. In light of the length of the marriage and the disparity in the parties' incomes we find that the sum of $500 per month would be reasonable spousal support (see Family Ct Act § 412). Further, the husband should be required to maintain health insurance for the benefit of the wife while married to her (see Family Ct Act § 416 [a], [c]).

The wife is entitled to retroactive child support and maintenance. By statute, child support and maintenance should be awarded retroactive to the date an application for such support was made, which, in this case, is June 30, 2004 (see Domestic Relations Law § 236 [B] [7] [a]; Burns v Burns, 84 NY2d 369 [1994]; Sherman v Sherman, 304 AD2d 744 [2003]). Accordingly, upon remittitur, the Supreme Court, Queens County, must calculate the amount of retroactive child support less the amount paid by the husband (see Sherman v Sherman, supra).

The Supreme Court improvidently exercised its discretion in denying the wife's request for an attorney's fee (see generally Domestic Relations Law § 237). The record establishes that there is a substantial disparity in the income of the parties, and the fact that the wife was to receive one-half of the parties' savings does not preclude the award of an attorney's fee (see Dunnan v Dunnan, 261 AD2d 195, 196 [1999]). The wife should have been awarded an attorney's fee in the sum of $10,000.

The wife's remaining contentions are without merit. Prudenti, P.J., Schmidt, Dillon and Covello, JJ., concur.