■ In the Matter of RICHARD TARASKAS, Appellant, v MARIA S. RIZZUTO, Respondent. [835 NYS2d 212]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Simeone, J.), dated May 18, 2006, which denied his objection to so much of an order of the same court (Buse, S.M.), dated April 25, 2006, as, in effect, upon granting his petition for an upward modification of the mother's child support obligation, directed the mother to pay him bi-weekly support in the sum of only $301 instead of bi-weekly support in the sum of $421.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the petitioner's contentions, the Family Court providently exercised its discretion in finding the amount of child support determined by the formula set forth in the Child Support Standards Act (Family Ct Act § 413; Domestic Relations Law § 240), to be "unjust or inappropriate" (Family Ct Act § 413 [1] [f]; *see Matter of Cassano v Cassano*, 85 NY2d 649, 653-654 [1995]). The Family Court was authorized to use current income figures for the tax year not yet completed to determine the mother's child support obligation (*see Matter of Culhane v Holt*, 28 AD3d 251, 252 [2006]; *Matter of Kellogg v Kellogg*, 300 AD2d 996 [2002]). Here, the reasons articulated by the Support Magistrate for not considering the overtime earnings of the mother for the prior tax year were sufficient and are supported by the record. Contrary to the father's contention, the mother presented credible evidence that the additional overtime pay she earned in the prior tax year would not be available to her in the current tax year and that her earnings would be limited to her regular salary. The determination to use the mother's regular salary to compute her pro-rata share of child support was a proper exercise of the court's discretion (*see Matter of Kellogg v Kellogg, supra*). Miller, J.P., Spolzino, Goldstein and McCarthy, JJ., concur.