■ RALPH J. FASANO, Appellant, v THERESA L. FASANO, Respondent. [842 NYS2d 517]—

In a matrimonial action in which the parties were divorced by judgment dated February 17, 1994, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Ross, J.), dated April 11, 2005, as denied his cross motion, inter alia, in effect, to set aside the child support provisions of the parties' separation agreement dated October 21, 1993, as invalid and unenforceable for failure to comply with Domestic Relations Law § 240 (1-b) (h).

Ordered that the order is modified, on the law, by deleting the

provision thereof denying that branch of the plaintiff's cross motion which was, in effect, to set aside paragraph 5, article F of the parties' separation agreement dated October 21, 1993, pertaining to cost of living increases in his child support obligation, as invalid and unenforceable for failure to comply with Domestic Relations Law § 240 (1-b) (h), and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.

In a separation agreement dated October 21, 1993, the parties agreed, inter alia, that until October 31, 1996, the plaintiff would pay the defendant maintenance in the sum of $5,416.66 per month and child support in the sum of $833.33 per month. After October 31, 1996, the plaintiff's maintenance obligation would end and his monthly child support obligation would increase to the sum of $3,333.33. The child support provisions of the separation agreement also obligated the plaintiff to pay increased child support in the event of increases in the cost of living, as reflected in the consumer price index for the New York Metropolitan area. The separation agreement was incorporated, but not merged, into the judgment of divorce dated February 17, 1994.

Contrary to the plaintiff's contention, the child support provisions are not invalid on the ground that they fail to state, as required by Domestic Relations Law § 240 (1-b) (h), that the basic child support obligation as defined in Domestic Relations Law § 240 (1-b) would presumptively result in the correct amount of child support to be awarded. The requisite language was contained in the separation agreement and, in any event, was also set forth in the judgment of divorce (see *Gallet v Wasserman,* 280 AD2d 296, 297 [2001]).

Moreover, the child support provision which sets the plaintiff's child support obligation at the sum of $3,333.33 per month is not, as he contends, invalid on the ground that it fails to calculate the presumptively correct amount of child support pursuant to the Child Support Standards Act (hereinafter the CSSA). A provision stating the correct amount of the basic child support obligation under the CSSA is not required unless it is apparent that the parties have "opted out" of the basic child support obligation pursuant to the CSSA (see Domestic Relations Law § 240 [1-b] [h]; *Matter of Huddleston v Huddleston,* 14 AD3d 511, 512 [2005]; *Pellot v Pellot,* 305 AD2d 478, 480 [2003]). Here, the child support obligation in the sum of $3,333.33 per month did not differ significantly from the correct amount as calculated by a strict application of the statute, and thus, such

provision in the separation agreement cannot reasonably be interpreted as indicating that the parties intended to "opt out" of the basic child support obligation pursuant to the CSSA (*see Pellot v Pellot,* 305 AD2d 478, 480 [2003]).

However, the plaintiff correctly contends that the provision contained in paragraph 5, article F of the separation agreement, allowing for adjustments to his monthly child support obligation based on cost of living increases (hereinafter the COLA provision), fails to comply with Domestic Relations Law § 240 (1-b) (h). The annual increases in the child support obligation permitted under the COLA provision represent potential deviations from the basic child support obligation (*see* Domestic Relations Law § 240 [1-b] [c] [2], [3]) and, therefore, can be interpreted as providing for an "opting out" of the CSSA guidelines (*cf. Pellot v Pellot,* 305 AD2d 478, 480 [2003]). Since the separation agreement fails to state the parties' reasons for deviating from the CSSA guidelines with respect to the potential COLA increases, the COLA provision violates Domestic Relations Law § 240 (1-b) (h) and should have been set aside (*see Calian v Calian,* 28 AD3d 506, 507 [2006]; *Lepore v Lepore,* 276 AD2d 677, 678 [2000]). Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.