■ JOAN LAURIA, Respondent, v BRIAN LAURIA, Appellant. [845 NYS2d 121]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (McNulty, J.), dated December 30, 2005, as, upon granting that branch of his motion which was, in effect, to direct the Suffolk County Child Support Enforcement Bureau to credit his child support account in the sum of $16,174.23 as against his arrears, in effect, denied that branch of his motion which was, in effect, to direct the Suffolk County Child Support Enforcement Bureau to credit his child support account in the additional sum of $22,777.98, resulting in a credit in the total sum of $38,952.21.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, with costs, and that branch of the defendant's motion which was, in effect, to direct the Suffolk County Child Support Enforcement Bureau to credit his child support account in the additional sum of $22,777.98, resulting in a credit in the total sum of $38,952.21, is granted.

As the defendant correctly contends, the Supreme Court erred in failing to credit his child support account for the entire amount that he paid for the plaintiff's mortgage pursuant to a pendente lite order because the payment of the mortgage in addition to child support resulted in giving the plaintiff a double shelter allowance (*see Graham v Graham,* 277 AD2d 423, 424 [2000]; *see also Fogarty v Fogarty,* 284 AD2d 300, 301 [2001]; *Markopoulos v Markopoulos,* 274 AD2d 457 [2000]; *Krantz v Krantz,* 175 AD2d 865, 866 [1991]). Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.