In the Matter of DENISE BYRNE, Appellant, v JAMES W. BYRNE, Respondent. [848 NYS2d 319]—

In a child support proceeding pursuant to Family Court Act article 4, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Simeone, J.), dated March 28, 2007, as, upon sustaining the father's objection to so much of an amended order of the same court (Livrieri, S.M.), dated December 29, 2006, as granted her petition for an upward modification of the father's child support obligation to the extent of increasing that obligation to the sum of $635 per week, granted her petition for an upward modification of the father's child support obligations only to the extent of directing the father to pay his pro rata share of summer camp, tutoring, and unreimbursed medical expenses for the children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The parties were divorced by judgment dated November 14, 1995. Under the terms of an agreement which was incorporated but not merged in the judgment of divorce, the mother was awarded custody of the parties' three children, and the father was required to pay child support in the sum of $300 per week. The parties acknowledged in their agreement that the father's child support obligation was the same as it would have been had it been calculated pursuant to the Child Support Standards Act (hereinafter the CSSA).

More than 10 years after the parties' divorce, the mother sought an upward modification of the father's child support obligation. By order dated May 22, 2006, the Support Magistrate granted the mother's petition, concluding that she had established the existence of an unanticipated change in circumstances warranting an upward modification of the father's child support obligation. Applying the CSSA guidelines to the total combined income of the parents, the Support Magistrate increased the father's weekly support obligation to the sum of $636 per week. In an order dated September 27, 2006, the Family Court sustained the father's objection to the support order to the extent of remitting the matter to the Support Magistrate to elaborate on those factors articulated in Family Court Act § 413 (f) which would warrant an application of the CSSA guidelines to the parties' total combined income over $80,000, and to consider the imputation of income to the mother for the

use of a company car. The Support Magistrate issued revised findings and an amended order which, inter alia, imputed additional income to the mother, but again granted the mother's petition for an upward modification of the father's child support obligation, amending the prior support order only to the extent of recalculating the father's support obligation to be $635 per week rather than $636 per week.

The father subsequently filed objections to the amended order of support. In an order dated March 28, 2007, the Family Court concluded that it was unjust and inappropriate to apply the CSSA guidelines to the parties' income over $80,000 because it resulted in increasing the father's support obligation by more than 100%, despite the fact that the mother's income had tripled, and she earned significantly more than the father. The court thus sustained the father's objection to so much of the amended order of support as increased his support obligation from the sum of $300 per week to the sum of $635 per week. However, upon sustaining the father's objection, the court granted the mother's petition for an upward modification of support to the extent of requiring him to contribute his pro rata share of summer camp expenses for the two younger children, and his pro rata share of tutoring expenses and unreimbursed medical expenses for all of the children.

The CSSA sets forth a formula for calculating child support by applying a designated statutory percentage, based upon the number of children to be supported, to combined parental income up to a ceiling of $80,000 (see Family Ct Act § 413; *Holterman v Holterman,* 3 NY3d 1, 10-11 [2004]; *Matter of Cassano v Cassano,* 85 NY2d 649, 652 [1995]). Where, as here, combined parental income exceeds $80,000, the court has the discretion to apply the factors set forth in Family Court Act § 413 (1) (f), or to apply the statutory percentages, or to apply both in fixing the basic child support obligation on income over $80,000 (*Matter of Cassano v Cassano,* 85 NY2d at 655). Moreover, regardless of whether combined parental income is more or less than $80,000, the court may, in its discretion, disregard the statutory formula where it would result in a child support obligation which is unjust and inappropriate (see Family Ct Act § 413 [1] [g]; *Matter of Cassano v Cassano,* 85 NY2d at 654; *Hammack v Hammack,* 20 AD3d 700 [2005]).

Contrary to the mother's contention, the Family Court did not improvidently exercise its discretion in concluding that it would be unjust and inappropriate to apply the statutory percentage to the total combined income of the parents. As correctly noted by the Family Court, the application of the statu-

tory percentage to the full amount of combined income results in increasing the father's support obligation by more than 100%. Although the evidence presented at the hearing demonstrated that the father's income doubled in the years following the divorce, the mother's income tripled, and she earns significantly more than the father. Moreover, the record also reveals that the father has remarried and is providing support for an additional child. Under these circumstances, the Family Court's decision not to apply the statutory percentage to the total combined income of the parents in order to increase the father's basic support obligation was a proper exercise of discretion (*see Matter of Taraskas v Rizzuto,* 38 AD3d 910 [2007]; *Kammerer v Kammerer,* 38 AD3d 846 [2007]). Furthermore, the court's determination that it would be inappropriate to increase the father's basic support obligation under the CSSA by applying the statutory percentage to combined parental income over $80,000 is not inconsistent with its determination that there had been an unanticipated change of circumstances warranting an upward modification of the support obligation set forth in the parties' 1995 agreement. The Family Court's finding that there had been an unanticipated change of circumstances was based upon evidence, inter alia, that the mother was required to enroll the children in summer camp because she was no longer provided with child care by her employer, and that one of the children required therapy for post-traumatic stress as a result of her involvement in an automobile accident. The Family Court properly exercised its discretion by limiting the upward modification of the father's support obligation so as to require him to pay his pro rata share of these unanticipated expenses, as well as his pro rata share of tutoring and unreimbursed medical expenses.

The mother's contention that the Family Court should have determined the father's basic child support obligation de novo because the parties' 1995 agreement did not contain all of the specific "opt out" recitals mandated by the CSSA is without merit. Since the agreement specified that the father's basic support obligation under the CSSA was in the sum of $300 per week, and that the amount of child support provided for in the agreement was equal to his basic child support obligation, it is clear that the parties did not intend to opt out of the CSSA guidelines. Thus, the agreement was not required to contain the additional recitals setting forth, inter alia, the parties' reasons for not utilizing the amount of support that would have been calculated under the CSSA (*see Fasano v Fasano,* 43 AD3d 988 [2007]; *Matter of Huddleston v Huddleston,* 14 AD3d 511 [2005]; *Pellot v Pellot,* 305 AD2d 478 [2003]; *Matter of Wolf v Wolf,* 293

AD2d 811 [2002]). Krausman, J.P., Fisher, Angiolillo and Balkin, JJ., concur.