■ COURTNEY GROESBECK, Respondent-Appellant, v THOMAS W. GROESBECK, Appellant-Respondent. [858 NYS2d 707]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Rockland County (Berliner, J.), dated May 30, 2007, which, inter alia, after a nonjury trial, distributed the parties' marital property by awarding the plaintiff title to the marital premises, and directed him to pay the plaintiff maintenance in the sum of $1,000 per month for a period commencing on March 1, 2007, and concluding on December 1, 2008, and the plaintiff cross-appeals, as limited by her brief, from stated portions of the same judgment which, inter alia, awarded her child support in the sum of only $312 per week, directed the defendant to pay maintenance in the sum of only $1,000 per month until December 1, 2008, and failed to award maintenance and child support retroactive to the date the application for such support was first made.

Ordered that the judgment is modified, on the law, (1) by deleting from the sixth decretal paragraph thereof the words "commencing on March 1, 2007," and substituting therefor the words "commencing on October 13, 2004," and (2) adding to the third decretal paragraph thereof a provision that the defendant's child support obligation shall commence on October 13, 2004; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for further proceedings consistent herewith.

The Supreme Court providently exercised its discretion in distributing marital property by awarding the plaintiff former wife title to the marital residence where she was residing at the time of trial with the parties' young children, while directing

that the defendant former husband retain his interest in his home improvement contracting business. Although the net equity in the marital residence exceeded the appraised value of the defendant's interest in his business, equitable distribution does not necessarily mean equal distribution (*see Griggs v Griggs*, 44 AD3d 710 [2007]; *Falgoust v Falgoust*, 15 AD3d 612 [2005]; *Rizzuto v Rizzuto*, 250 AD2d 829 [1998]), and the Supreme Court properly considered the relevant statutory factors in fashioning the distributive award in this case (*see* Domestic Relations Law § 236 [B] [5]; *Cavaretta v Cavaretta*, 127 AD2d 1002 [1987]).

Furthermore, there is no merit to the defendant's contention that the court's maintenance award was improper because it "double counted" the value of his business in violation of the rule articulated in *Grunfeld v Grunfeld* (94 NY2d 696 [2000]). That rule is inapplicable here because the husband's business is a tangible, income-producing asset (*see Keane v Keane*, 8 NY3d 115 [2006]; *Griggs v Griggs*, 44 AD3d 710 [2007]).

We also reject the plaintiff's contention that the amount and duration of the maintenance award was inadequate. "[T]he amount and duration of maintenance is a matter committed to the sound discretion of the trial court, and every case must be determined on its own unique facts" (*Wortman v Wortman*, 11 AD3d 604, 606 [2004]; *see DiBlasi v DiBlasi*, 48 AD3d 403 [2008]; *Griggs v Griggs*, 44 AD3d 710 [2007]; *Xikis v Xikis*, 43 AD3d 1040 [2007]). "The overriding purpose of a maintenance award is to give the spouse economic independence, and it should be awarded for a duration that would provide the recipient with enough time to become self-supporting" (*Sirgant v Sirgant*, 43 AD3d 1034, 1035 [2007]; *see DiBlasi v DiBlasi*, 48 AD3d 403 [2008]; *Scarlett v Scarlett*, 35 AD3d 710 [2006]). Here, the plaintiff, who was studying for a position in the medical field at the time of trial, testified that she anticipated completing her educational program and a required externship by the summer of 2007. The court's award of maintenance in the sum of $1,000 per month for $1\frac{1}{2}$ years after the plaintiff completed her studies is adequate in amount and duration to allow her to become self-supporting.

Contrary to the plaintiff's contention, the court properly calculated the child support obligation based upon a finding that the defendant earned $83,253 in 2004. The court's income determination was supported by the valuation report of a neutral accountant who examined the 2004 income tax return filed on behalf of the defendant's business, and the plaintiff failed to offer sufficient evidence to establish that the defendant's income was greater than reported.

However, by statute, a party's child support and maintenance obligations are retroactive to the date an application for such support was made (*see* Domestic Relations Law § 236 [B] [6] [a]; [7] [a]). Thus, the court should have awarded child support and maintenance retroactive to October 13, 2004, when the summons with notice requesting such relief was filed (*see Grassi v Grassi*, 35 AD3d 357 [2006]; *Schiffer v Schiffer*, 21 AD3d 889 [2005]; *Koeth v Koeth*, 309 AD2d 786 [2003]). Accordingly, upon remittitur, the Supreme Court, Rockland County, must calculate the amount of retroactive child support and maintenance due, less any amount of maintenance and child support already paid (*see* Domestic Relations Law § 236 [B] [6] [a]; *Miklos v Miklos*, 39 AD3d 826 [2007]; *Grassi v Grassi*, 35 AD3d 357 [2006]; *Schiffer v Schiffer*, 21 AD3d 889 [2005]; *Koeth v Koeth*, 309 AD2d 786 [2003]).

The parties' remaining contentions are without merit. Lifson, J.P., Florio, Eng and Chambers, JJ., concur.