■ SHARON HUFFMAN, Respondent, v JOHN HUFFMAN, Appellant. [923 NYS2d 583]—

In an action for a divorce and ancillary relief, the defendant appeals from so much of a judgment of the Supreme Court, Suffolk County (Cohen, J.), entered August 27, 2009, as, after a nonjury trial, awarded the plaintiff 30% of the value of his master's degree, weekly child support in the sum of $1,281.14, and maintenance for four years commencing December 1, 2008, in the amounts of $5,000 per month for the first and second years, $3,500 per month for the third year, and $2,000 per month for the fourth year, and directed him to pay to the plaintiff the sum of $90,793.02 in connection with certain bonus money.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof awarding the plaintiff maintenance for four years commencing December 1, 2008, in the amounts of $5,000 per month for the first and second years, $3,500 per month for the third year, and $2,000 per month for the fourth year, and substituting therefor a provision awarding the plaintiff maintenance for four years commencing November 11, 2004, the date the application for such maintenance was first made, in the amounts of $5,000 per month from November 11, 2004, through October 2006, $3,500 per month from November 2006 through October 2007, and $2,500 per month from November 2007 through October 2008, and (2) by deleting the provision thereof awarding the plaintiff the sum of $90,793.02 in connection with

certain bonus money to the extent the award constitutes the defendant's 2004 bonus; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings, including appropriate recalculations in accordance herewith and the entry of an amended judgment thereafter.

The Supreme Court's determination of basic child support was proper. Since the actual combined parental income exceeded $80,000, the trial court, in its discretion, could apply either the applicable statutory percentage, in this case 29% for three children, or the factors set forth in Domestic Relations Law § 240 (1-b) (c) (3) and (f), or both, to the parental income in excess of $80,000 (see Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]; Finke v Finke, 15 AD3d 615, 618 [2005]). The Supreme Court, applying the straight percentage, properly considered $300,000 of the defendant's gross income in determining basic child support. The Supreme Court providently exercised its discretion in calculating child support against $300,000 of the defendant's income based upon the standard of living that the parties' children would have enjoyed had the marriage not dissolved and upon the parties' disparate financial circumstances, which are apparent from the record (see DeVries v DeVries, 35 AD3d 794, 795-796 [2006]).

A party's maintenance obligation is retroactive to the date the application for maintenance was first made (see Domestic Relations Law § 236 [B] [6] [a]). However, the party is also entitled to a credit for any amount of temporary maintenance and child support already paid (id.; see Schiffer v Schiffer, 21 AD3d 889 [2005]). Here, the summons with notice was filed on November 11, 2004, wherein the plaintiff sought, inter alia, maintenance from the defendant. Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in awarding the plaintiff maintenance for four years beginning December 2008, given the length of the parties' marriage, the plaintiff's ability to reenter the workforce, and the fact that the defendant was paying temporary support pursuant to a pendente lite order dated February 25, 2005, requiring him to pay the plaintiff the sum of $2,500 per month in maintenance retroactive to November 11, 2004. Thus, the maintenance award must be recalculated retroactive to November 11, 2004, taking into account any credit due for amounts paid by the defendant pursuant to the pendente lite order (see Groesbeck v Groesbeck, 51 AD3d 722 [2008]; Miklos v Miklos, 39 AD3d 826, 827 [2007]; Grassi v Grassi, 35 AD3d 357, 358 [2006]; DiSanto v DiSanto, 198 AD2d 838 [1993]).

The defendant also contends that the trial court erred in concluding that his MBA degree provided him with an enhanced earning capacity subject to equitable distribution. We disagree. An academic degree earned during a marriage qualifies as marital property which is subject to equitable distribution (*see Jayaram v Jayaram*, 62 AD3d 951, 952 [2009]; *McGowan v McGowan*, 142 AD2d 355, 357 [1988]). The value of a degree is the "enhanced earning capacity it affords the holder" (*O'Brien v O'Brien*, 66 NY2d 576, 588 [1985]). Here, while the defendant presented some evidence that an MBA degree was not an actual prerequisite to his employment in various finance positions in the cable television industry, there was also ample evidence, including expert testimony, to support the Supreme Court's finding that the attainment of this degree made the defendant a more attractive candidate for a position in the financial sector of the cable television industry. Accordingly, the Supreme Court properly concluded that the MBA degree which the defendant obtained during the course of his employment enhanced his earning capacity (*see Jayaram v Jayaram*, 62 AD3d at 952-953).

The Supreme Court also properly determined that the plaintiff was entitled to a 30% share of the defendant's enhanced earning capacity. Although the plaintiff did not make direct financial contributions to the husband's attainment of his MBA degree, she made substantial indirect contributions by, inter alia, supporting the husband's educational endeavors, working until August 2000 and contributing her earnings to the family, being the primary caretaker of the couple's children, cooking family meals, and participating in housekeeping responsibilities (*see Holterman v Holterman*, 3 NY3d 1, 8-9 [2004]; *Jayaram v Jayaram*, 62 AD3d at 953).

Bonuses earned for work by a spouse during the marriage constitute marital property subject to equitable distribution, even if paid after commencement of the divorce action (*see Howe v Howe*, 68 AD3d 38, 46 [2009]), and are distributed after taking income taxes into account (*see e.g. Kriftcher v Kriftcher*, 59 AD3d 392 [2009]). Contrary to the defendant's contention, we see no reason to disturb the Supreme Court's equitable distribution of the defendant's 2002 and 2003 bonuses. However, we agree with the defendant's contention that the Supreme Court erroneously distributed his gross 2004 bonus without taking into account income taxes. Accordingly, upon remittal, to the Supreme Court, Suffolk County, the award must be recalculated to the extent it is based upon the defendant's 2004 bonus, to take into account income taxes paid by the plaintiff.

The defendant's remaining contentions are without merit. Rivera, J.P., Dillon, Hall and Roman, JJ., concur.