In the Matter of ROBERT D. LYNN, Appellant, v KERRIANN KROENUNG, Respondent. [949 NYS2d 144]—

Pursuant to Family Court Act § 413 (1) (b) (5) (i), a court must begin its child support calculation with the parent's gross income "as should have been or should be reported in the most recent federal income tax return" (*see* Domestic Relations Law § 240 [1-b] [b] [5] [i]). However, the court may also consider income for the tax year not yet completed (*see Eberhardt-Davis v Davis*, 71 AD3d 1487, 1488 [2010]; *Matter of Azrak v Azrak*, 60 AD3d 937, 938 [2009]; *Matter of Taraskas v Rizzuto*, 38 AD3d 910, 910 [2007]). Since the hearing in this case took place after the end of the 2010 tax year, but before either party had completed a 2010 tax return, it was appropriate for the Support Magistrate to base her calculation of the parties' incomes on their final 2010 pay stubs rather than their 2009 tax returns (*see Eberhardt-Davis v Davis*, 71 AD3d at 1488; *Matter of Azrak v Azrak*, 60 AD3d at 938; *Matter of Taraskas v Rizzuto*, 38 AD3d at 910).

Where combined parental income exceeds the statutory income threshold (presently $130,000 [*see* Domestic Relations Law § 240 (1-b) (c) (2); Family Ct Act § 413 (1) (c) (2); Social Services Law § 111-i (2) (b)]), the statute "explicitly affords an option: the court may apply the factors set forth in [Family Court Act] section 413 (1) (f) 'and/or the child support percentage' " (*Matter of Cassano v Cassano*, 85 NY2d 649, 654 [1995],

quoting Family Ct Act § 413 [1] [c] [3] [emphasis omitted]; *see Huffman v Huffman*, 84 AD3d 875, 876 [2011]; *Matter of Freeman v Freeman*, 71 AD3d 1143, 1144 [2010]; *Matter of Byrne v Byrne*, 46 AD3d 812, 814 [2007]; *Jordan v Jordan*, 8 AD3d 444, 445 [2004]; *Mercer v Mercer*, 4 AD3d 508, 510 [2004]). Since the statute "explicitly vests discretion in the court and . . . [because] the exercise of discretion is subject to review . . . some record articulation of the reasons for the court's choice to apply the percentage is necessary to facilitate . . . review" (*Matter of Cassano v Cassano*, 85 NY2d at 655; *see Matter of Wienands v Hedlund*, 305 AD2d 692, 693 [2003]; *Rohrs v Rohrs*, 297 AD2d 317, 318 [2002]). Here, the Support Magistrate properly articulated her reasons for applying the statutory percentages to parental income over the statutory threshold, and her determination was not an improvident exercise of discretion (*see Huffman v Huffman*, 84 AD3d at 876; *Matter of Freeman v Freeman*, 71 AD3d at 1144).

Unlike the obligation to provide support for a child's basic needs, "support for a child's college education is not mandatory" (*Cimons v Cimons*, 53 AD3d 125, 127 [2008]). Instead, absent a voluntary agreement, whether a parent is obligated to contribute to a child's college education is "dependent upon the exercise of the court's discretion in accordance with Domestic Relations Law § 240 (1-b) (c) (7)" (*id.*), and an award will be made only " 'as justice requires' " (*id.* at 129, quoting Domestic Relations Law § 240 [1-b] [c] [7]; *see Matter of Levison v Trinkle*, 70 AD3d 827, 830 [2010]). Here, the Support Magistrate's determination to assess college expenses in the same approximate ratio as the parties' incomes bear to one another was not an improvident exercise of discretion. Likewise, a detailed review of the Support Magistrate's findings of fact reveals that she properly considered, in setting the parties' respective support obligations, their payments for room and board and their basic support obligations for their oldest child as those payments are duplicative of one another (*see Matter of Levison v Trinkle*, 70 AD3d at 830; *Wortman v Wortman*, 11 AD3d 604, 607 [2004]).

The father's contention that the Support Magistrate was biased against him and should have recused herself lacks support in the record (*see Ashmore v Ashmore*, 92 AD3d 817, 820 [2012], *lv denied* 19 NY3d 807 [2012]; *Hayden v Gordon*, 91 AD3d 819, 822 [2012]; *Matter of Montesdeoca v Montesdeoca*, 38 AD3d 666, 667 [2007]).

Accordingly, the Family Court properly denied the father's objections. Rivera, J.P., Dickerson, Hall and Miller, JJ., concur.