■ COURTNEY (GROESBECK) MCKAY, Respondent, v THOMAS W. GROESBECK, Appellant. [985 NYS2d 686]—

In a matrimonial action in which the parties were divorced by judgment dated May 30, 2007, the defendant appeals (1) from an order of the Supreme Court, Rockland County (Alfieri, Jr., J.), entered November 15, 2011, which awarded the plaintiff the sum of $28,500 for outstanding maintenance arrears that accrued from October 13, 2004, to February 28, 2007, and the sum of $37,902 for outstanding child support arrears that accrued from October 13, 2004, to February 28, 2007; and (2) as limited by his brief, from so much of an order of the same court dated October 24, 2012, as, in effect, upon reargument, adhered to the original determination in the order entered November 15, 2011.

Ordered that the appeal from the order entered November 15, 2011, is dismissed, as that order was superseded by the order dated October 24, 2012, made upon reargument; and it is further,

Ordered that the order dated October 24, 2012, is reversed insofar as appealed from, on the law and in the exercise of discretion, upon reargument, the order entered November 15, 2011, is vacated, and the matter is remitted to the Supreme Court, Rockland County, to recalculate any amount of retroactive child support and maintenance due, in accordance herewith; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On a prior appeal, this Court modified stated portions of the parties' judgment of divorce dated May 30, 2007, to award child support and maintenance retroactive to October 13, 2004, the date the summons and notice requesting such relief was filed, and remitted the matter to the Supreme Court to calculate the amount of retroactive child support and maintenance due, less any amount of maintenance and child support already paid (*see Groesbeck v Groesbeck*, 51 AD3d 722 [2008]). Upon remittitur, the Supreme Court determined that the defendant was not entitled to a credit for voluntary payments which were not made pursuant to a court order, and directed the defendant to pay to the plaintiff the sum of $28,500 for outstanding maintenance arrears that accrued from October 13, 2004, to February 28, 2007, and the sum of $37,902 for outstanding child support arrears that accrued from October 13, 2004, to February 28, 2007. In an order dated October 24, 2012, the Supreme Court, in effect, upon reargument, adhered to its original determination in the order entered November 15, 2011.

A party's maintenance and child support obligations are retroactive to the date of the application therefor, and except as otherwise provided, any retroactive amount due shall be paid, as the court directs, "taking into account any amount of temporary maintenance [or child support] which has been paid" (Domestic Relations Law § 236 [B] [6] [a]; *see* Domestic Relations Law § 236 [B] [7] [a]; *Groesbeck v Groesbeck*, 51 AD3d at 724; *Verdrager v Verdrager*, 230 AD2d 786 [1996]). Generally, voluntary payments made by a parent for the benefit of his or her children may not be credited against amounts due pursuant to a judgment of divorce (*see Horne v Horne*, 22 NY2d 219, 224 [1968]; *LiGreci v LiGreci*, 87 AD3d 722, 724 [2011]; *Matter of Finell v Finell*, 25 AD3d 703, 704 [2006]; *Lefkow v Lefkow*, 188 AD2d 589 [1992]). Further, a party is not entitled to a credit for payments made to satisfy that party's own legal obligations (*see Heiny v Heiny*, 74 AD3d 1284, 1288 [2010]; *Krantz v Krantz*, 175 AD2d 865, 866 [1991]) that were not made pursuant to a pendente lite order of support (*see Stern v Stern*, 273 AD2d 298, 299 [2000]; *Crane v Crane*, 264 AD2d 749, 752 [1999]). In this case, there was a pendente lite order for temporary child support of $1,000 per month issued in 2006, but it does not appear from this record that any payments were made pursuant to that order.

However, a party is entitled to a credit for payments made to satisfy the other spouse's legal obligations (*see Gillings v Gillings*, 56 AD3d 424, 425 [2008]; *Teague v Teague*, 281 AD2d 473, 474 [2001]; *West v West*, 151 AD2d 475 [1989]). Here, the de-

fendant should have received a credit towards arrears for any payments he made toward the plaintiff's car payments and insurance, and for one half of the payments he made toward the mortgage and carrying charges on the marital home, as those payments were made to satisfy the plaintiff's legal obligations.

The parties' remaining contentions are without merit.

Since it is not possible to determine, on this record, the amount of the credit towards arrears to which the defendant is entitled, the matter must be remitted to the Supreme Court, Rockland County, for further proceedings to determine the credits to which the defendant is entitled, and a new disposition of the motion thereafter. Rivera, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.