Stern v Stern (2018 NY Slip Op 06959)





Stern v Stern


2018 NY Slip Op 06959


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2015-11818
 (Index No. 201535/06)

[*1]Sheila Stern, respondent, 
v
Steven B. Stern, appellant.


Moran & Brodrick, Garden City, NY (Robert H. Brodrick of counsel), for appellant.
Jeffrey S. Schecter & Associates, P.C., Garden City, NY (Bryce R. Levine of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from an order of the Supreme Court, Nassau County (Fran Ricigliano, J.), dated October 15, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for a money judgment against the defendant in the sum of $353,400 and for an award of prejudgment interest on that sum.
ORDERED that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, that branch of the plaintiff's motion which was for an award of prejudgment interest is denied, and the matter is remitted to the Supreme Court, Nassau County, for a hearing in accordance herewith, and for a new determination thereafter of that branch of the plaintiff's motion which was for a money judgment against the defendant in the sum of $353,400.
The parties were married on August 4, 1980. The plaintiff commenced this action for a divorce and ancillary relief on May 26, 2006. On September 7, 2006, a preliminary conference was held. In a preliminary conference order entered September 11, 2006, the parties addressed pendente lite relief. At that time, the defendant was voluntarily making payments to support the plaintiff and the children of the marriage, as well as paying the expenses of the household. Thus, the preliminary conference order provided as to pendente lite relief: "Status quo to be maintained. No motion at this time." This statement was acknowledged by the parties and their respective counsel, and so-ordered by the Supreme Court. As a result, there was no separate order concerning spousal maintenance issued at that time.
During the matrimonial trial, the plaintiff made an application for emergency pendente lite relief. By order dated January 22, 2009, the Supreme Court directed the defendant to pay the plaintiff's car insurance and $200 per week as interim maintenance. The parties were divorced by a judgment of divorce entered April 16, 2010. The judgment of divorce provided, among other things, that the defendant would pay the plaintiff maintenance in certain sums retroactive to the date of the commencement of this action, May 26, 2006, and continuing until October 25, 2009. The judgment of divorce also provided that the defendant was entitled to credits against his maintenance obligation "for payments of pendente lite spousal maintenance actually made pursuant to Court Order." The defendant appealed from the judgment of divorce but withdrew the appeal.
By order to show cause dated July 7, 2014, the plaintiff moved pursuant to Domestic Relations Law § 244, inter alia, for a money judgment against the defendant for unpaid maintenance arrears totaling $353,400, plus prejudgment interest, after crediting payments made by the defendant under the order dated January 22, 2009. The defendant opposed the motion, arguing, among other things, that he was entitled to credits totaling $393,516.53 against his maintenance obligation. The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for a money judgment for unpaid maintenance arrears in the sum of $353,400 and for an award of prejudgment interest on that sum, retroactive to the date of default. The defendant appeals.
Voluntary payments made for the support and legal obligations of a spouse should be applied as a credit to the calculation of arrears owed by the payor spouse (see McKay v Groesbeck, 117 AD3d 810, 811; Heiny v Heiny, 74 AD3d 1284, 1288). When the payor spouse relieves the other spouse from paying obligations for which the other spouse would be responsible, such payments must be considered as satisfying, in whole or part, maintenance and/or child support (see McKay v Groesbeck, 117 AD3d at 811; Gillings v Gillings, 56 AD3d 424, 424-425). Here, the defendant is entitled to credits against his maintenance obligation as established in the judgment of divorce with regard to the plaintiff's share of such expenses such as mortgage, real estate taxes, and automobile insurance payments (see Spiegel-Porco v Porco, 127 AD3d 847, 848; Lauria v Lauria, 45 AD3d 535, 536; Graham v Graham, 277 AD2d 423, 424).
We disagree with the plaintiff's contention that the defendant's voluntary payments made pursuant to the preliminary conference order, which does not specifically enumerate the payments to be made, cannot qualify as "payments of pendente lite spousal maintenance actually made pursuant to Court Order." The preliminary conference order, as so-ordered by the Supreme Court, plainly contemplated that the defendant would continue to make voluntary payments for the benefit of the plaintiff and the parties' children. To deny the payor spouse a credit for payments made on account of the other spouse's expenses would not only be inequitable by providing a windfall for the benefitted spouse, but it would also discourage voluntary support payments during the pendency of matrimonial actions and likely cause a precipitous rise of pendente lite motion practice by nonmonied spouses. Just as a party who unnecessarily prolongs a matrimonial action should not be rewarded, common sense dictates that a party who avoids unnecessary motion practice and preserves assets and time by agreeing to voluntarily pay the expenses of the other party should not be punished by being denied appropriate credits therefor.
The amount of credit to which the defendant is entitled cannot be determined on this record. While some payments documented by the defendant appear to be for the benefit of the plaintiff only and could qualify for a credit against maintenance, others are plainly for the children, professional expenses, and other expenses which would not be within the ambit of expenses which the plaintiff would be responsible to pay out of the maintenance she receives. Thus, the matter must be remitted to the Supreme Court, Nassau County, for a hearing to determine which of the payments claimed by the defendant, if any, constitute appropriate credits against maintenance as provided in the judgment of divorce.
In addition, the defendant correctly contends that prejudgment interest should not be assessed against him since he made substantial payments in good faith pursuant to the preliminary conference order, negating a finding of willfulness which would trigger such an award (see Domestic Relations Law § 244; O'Donnell v O'Donnell, 153 AD3d 1357, 1359; Lundon v Lundon, 120 AD3d 1395, 1397; Miklos v Miklos, 39 AD3d 826, 828). In light of our determination, the plaintiff's argument that the defendant is not entitled to any credits for his voluntary payments is without merit.
Accordingly, the matter is remitted to the Supreme Court, Nassau County, for a hearing consistent herewith, and for a new determination of that branch of the plaintiff's motion which was for a money judgment against the defendant in the sum of $353,400.
BALKIN, J.P., CHAMBERS, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court