Matter of Tarasco v Tarasco (2018 NY Slip Op 06919)





Matter of Tarasco v Tarasco


2018 NY Slip Op 06919


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-00465
 (Docket No. F-7285-16/16A)

[*1]In the Matter of Maria Tarasco, respondent,
v Joseph Tarasco, appellant.


Joseph Tarasco, New York, NY, appellant pro se.
F. J. Romano & Associates, P.C., Smithtown, NY (Frank J. Romano of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated December 6, 2017. The order granted the mother's objections to an amended order of the same court (Isabel E. Buse, S.M.) dated April 25, 2017, which calculated the father's child support arrears at $25,108.83, and directed the father to pay the mother the sum of $38,103.90 for child support arrears.
ORDERED that the order dated December 6, 2017, is affirmed, without costs or disbursements.
The parties were married on September 25, 1988, and have three children together. On March 7, 2011, the mother commenced an action for a divorce and ancillary relief. Pursuant to a judgment of divorce entered May 11, 2015, the father was required to pay the mother the sum of $245.19 per week in child support.
On April 15, 2016, the mother filed a petition seeking to enforce the child support provision of the judgment of divorce, alleging that the father failed to pay child support. Following a hearing on the mother's petition, the Support Magistrate issued an amended order dated April 25, 2017, inter alia, calculating the father's child support arrears at $25,108.83.
Thereafter, the mother filed objections to the Support Magistrate's amended order, contending that the Support Magistrate erred in calculating the father's child support arrears from March 22, 2012, instead of March 7, 2011, the date she commenced the divorce action, and that the correct amount of arrears was $38,103.90. In response, the father contended that he owed no child support arrears for the period of March 7, 2011, to March 22, 2012, and therefore, the Support Magistrate correctly calculated arrears at $25,108.83.
The Family Court determined that the father's child support obligation was retroactive to March 7, 2011, and remitted the matter to the Support Magistrate for further findings of fact, inter alia, on the issue of the father's child support obligation from March 7, 2011, to March 22, 2012. In amended findings of fact, the Support Magistrate found that the amount of child support arrears due for the period of March 7, 2011, to March 22, 2012, was $10,840.
The mother filed supplemental objections, arguing that the Support Magistrate erred in calculating the father's child support arrears in the amended findings of fact. The father responded [*2]that he fully satisfied his child support obligations that accrued prior to March 22, 2012.
In an order dated December 6, 2017, the Family Court granted the mother's objections and directed the father to pay the mother the sum of $38,103.90 for child support arrears. The father appeals, arguing that the court failed to credit him with payments he made prior to March 5, 2012.
A party's child support obligation is retroactive to the date of the application therefor, and except as otherwise provided, any retroactive amount due shall be paid, as the court directs, "taking into account any amount of temporary child support which has been paid" (Domestic Relations Law § 236[B][7][a]; see McKay v Groesbeck, 117 AD3d 810, 811; Groesbeck v Groesbeck, 51 AD3d 722, 724; Verdrager v Verdrager, 230 AD2d 786, 788). "Generally, voluntary payments made by a parent for the benefit of his or her children may not be credited against amounts due pursuant to a judgment of divorce" (McKay v Groesbeck, 117 AD3d at 811; see Horne v Horne, 22 NY2d 219, 224; LiGreci v LiGreci, 87 AD3d 722, 724; Matter of Finell v Finell, 25 AD3d 703, 704).
Here, contrary to the father's contention, the Family Court did not err in calculating the amount of child support arrears he owed to the mother. As the court properly concluded, the father's child support obligation was retroactive to March 7, 2011, the date the mother commenced the divorce action (see Domestic Relations Law § 236[B][7][a]; Burns v Burns, 84 NY2d 369, 377). Furthermore, in calculating the amount of child support arrears, the court gave the plaintiff an appropriate credit for the amount of temporary child support he already paid (see Augustin v Bullen, 112 AD3d 658, 659). The father's unsubstantiated contention that he made payments to third parties for the benefit of the mother and their minor child during the relevant time period is raised for the first time on appeal and is not properly before this Court (see Matter of McGovern v McGovern, 148 AD3d 900, 902; Gorelik v Gorelik, 85 AD3d 856, 857). Accordingly, we agree with the court's determination to grant the mother's objections and to direct the father to pay the mother the sum of $38,103.90 for child support arrears.
BALKIN, J.P., SGROI, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court