Van Boxtel v Van Boxtel (2024 NY Slip Op 06142)

Van Boxtel v Van Boxtel

2024 NY Slip Op 06142

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Index No. 301973/16 Appeal No. 3172 Case No. 2023-01812 

[*1]Benjamin Van Boxtel, Plaintiff-Respondent-Appellant,
v
Ching-Yu Van Boxtel, Defendant-Appellant-Respondent.

McLaughlin & Stern, LLP, New York (Linda A. Rosenthal of counsel), for appellant-respondent.
Port & Sava, Lynbrook (George S. Sava of counsel), for respondent-appellant.

Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered on or about March 13, 2023, which, to the extent appealed from as limited by the briefs, denied defendant wife additional maintenance over an extended period of time, split the marital debt 93%/7% in proportion to the parties' respective incomes, and awarded the wife counsel fees through judgment of divorce, unanimously affirmed, without costs.
The wife's arguments concerning extending the maintenance period are unavailing. The amount and duration of maintenance is a matter committed to the sound discretion of the trial court (Rennock v Rennock, 203 AD3d 675, 675 [1st Dept 2022]; Spencer v Spencer, 230 AD2d 645, 648 [1st Dept 1996]). The wife has not demonstrated that the duration of maintenance, calculated using the formula recommended in Domestic Relations Law § 236(B)(6)(f)(1) at 26 months given the parties' seven-year, three-month marriage, was an abuse of such discretion. Nor does the wife provide a sound basis for why maintenance should be extended beyond the calculations recommended in Domestic Relations Law § 236(B)(6)(f)(1). Moreover, as the Special Referee found and Supreme Court confirmed, the husband overpaid maintenance between the commencement of the action and the trial, and was entitled to a credit for any temporary maintenance or child support paid above the required amount (see Huffman v Huffman, 84 AD3d 875, 876 [2d Dept 2011]).
Given that the parties have virtually no marital assets, and the marital debt was incurred to support the family while the husband was completing multiple medical residencies, Supreme Court providently exercised its discretion in fashioning the distribution of marital debt in proportion to the allocation of the parties' current incomes and child support obligations (see generally Culman v Boesky, 207 AD3d 18, 25 [1st Dept 2022], lv denied 39 NY3d 907 [2023]; Westreich v Westreich, 169 AD3d 972, 976 [2d Dept 2019], lv denied 33 NY3d 914 [2019]).
In light of the parties' financial circumstances, Supreme Court properly awarded the wife counsel fees through the judgment of divorce (see Domestic Relations Law § 237; DeCabrera v Cabrera-Rosete, 70 NY2d 879, 881 [1987]; Cohen v Cohen, 209 AD3d 405 [1st Dept 2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024