■ CAROLE SHERMAN, Respondent, v DANIEL SHERMAN, Appellant.—In a matrimonial action in which the parties were divorced by judgment dated April 16, 1982, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Edelstein, J.), dated July 1, 1986, as denied his motion to have the plaintiff wife held in contempt of court by reason of her alleged willful failure to comply with previous directives of the court.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant husband sought to have the plaintiff wife held in contempt of court by reason of her alleged willful failure to comply with an order issued by the Family Court,

Rockland County (Stanger, J.), dated July 2, 1983, which, *inter alia,* directed the sale of the marital residence and awarded the defendant, as his equitable share of the marital residence, the sum of $22,386, to be paid out of the proceeds of the sale. At the time of the issuance of that order, the defendant husband was indebted to the plaintiff, as a result of his failure to remit the payments mandated by various pendente lite support orders which had previously been issued. The plaintiff, accordingly, sought and secured a judgment representing the amount of arrears due and owing.

Sole title to the marital residence was subsequently transferred to the plaintiff wife as a result of an execution sale conducted on September 12, 1984. Although the defendant contends that he was deprived of his equitable share of the marital residence by virtue of the execution sale and that the plaintiff should, therefore, be held in contempt of court, the record reveals that the plaintiff did tender to the defendant a satisfaction of the outstanding judgment for arrears as well as a sum of money which had been placed in escrow, the aggregate value of which was commensurate with defendant's equitable interest in the home, as fixed by the order of the Family Court.

Based on the foregoing, we find that the Supreme Court properly concluded that a citation of contempt against the plaintiff was not warranted in view of the fact that the defendant hád received the full amount of his interest in the marital residence. We further find, contrary to the defendant's contentions, that he is not entitled to 50% of the appreciated value of the marital residence since the Family Court did not award the defendant a percentage interest in the marital abode but, instead, awarded him the finite sum of $22,386. The plaintiff's efforts to enforce the judgment for arrears by initiating the execution sale of the marital residence was proper under the circumstances. Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.