■ MARTIN REINGOLD, Appellant, v BARBARA REINGOLD, Respondent.—In a matrimonial action in which the parties were divorced by judgment dated June 22, 1987, the plaintiff husband appeals, as limited by his brief, from so much of an amended judgment of the Supreme Court, Westchester County (Marbach, J.), entered February 23, 1989, as awarded the defendant wife the sum of $23,235 representing postjudgment

interest on the partial distributive award made to her on the principal sum of $154,216.46.

Ordered that the amended judgment is reversed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Westchester County, for a recalculation from July 6, 1988, of the interest to be awarded on the principal sum of $151,791.46.

By judgment of divorce dated June 22, 1987, the defendant was awarded $142,500 reflecting one half the value of the parties' marital residence. The defendant was also granted the option to purchase the plaintiff's equitable share of the marital abode and, in the event that she exercised this option, her award of $142,500 would be applied to satisfy the remaining distributive awards made to the husband. This judgment further awarded the wife "the sum of $150,216.46 which represents 40% of [the] plaintiff's business interest as of February 28, 1983". Once credits were afforded to the plaintiff for household items, the dollar value of this award was reduced to $147,791.46. The court also granted the wife an award of $4,000 representing one half of her expert fees. We have already ruled on the propriety of these awards (see, Reingold v Reingold, 143 AD2d 126).

Since the judgment of divorce granted the wife specific monetary awards, we find that it was entirely proper for her to seek and obtain a money judgment upon the husband's failure to honor his obligations (see, Domestic Relations Law § 244). However, the court erroneously used the figure of $150,216.46 plus $4,000 for experts' fees in making its calculations and failed to credit this award by $2,425 representing the value of the husband's personal effects. Moreover, in view of the fact that the defendant only sought interest from July 6, 1988, the court erred in awarding interest from June 22, 1987. Accordingly, we remit matter to the Supreme Court, Westchester County, for a recalculation of the sums owing to the defendant from July 6, 1988, based upon a principal sum of $151,791.46 which consists of the amount owed to the defendant as a distributive share of the plaintiff's business and an award of $4,000 for experts' fees. Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.