■ Diane Cusimano, Appellant, v Salvatore Cusimano, Respondent.—In a matrimonial action in which the parties were divorced by a judgment dated September 2, 1987, the plaintiff wife appeals from an order of the Supreme Court, Nassau County (Yachnin, J.), dated May 4, 1990, which denied her motion for a declaration that the defendant had waived his interest in the former marital residence by virtue of his having failed to pay a distributive award of $37,300.

Ordered that the order is affirmed, with costs.

Pursuant to a judgment of divorce dated September 2, 1987,

the plaintiff was awarded sole title to the former marital residence and the defendant was allowed to retain sole ownership of his pest control business. On appeal *(Cusimano v Cusimano,* 149 AD2d 397), this court modified the judgment by awarding the plaintiff the sum of $37,300 as her equitable share in the defendant's business and by awarding the defendant a one-half interest in the former marital residence, pursuant to the parties' stipulation. After a period of nearly 10 months had passed without the defendant having paid the $37,300 distributive award, the plaintiff moved for a declaration that she could retain sole ownership of the house. The Supreme Court, Nassau County, denied the motion without prejudice to the commencement by the plaintiff of enforcement proceedings to compel payment of the award.

Contrary to the plaintiff's argument, the Supreme Court properly denied her motion. Domestic Relations Law § 236 (B) (9) (a) provides in part that "[a]ll orders or judgments entered in matrimonial actions shall be enforceable * * * in any other manner provided by law". By this language, the Legislature has brought together the separate enforcement provisions of the Domestic Relations Law and the CPLR—i.e., Domestic Relations Law § 243 (security and sequestration), §§ 244 and 244-a (money judgments for arrears) and § 245 (contempt)—as well as CPLR articles 50, 51 and 52—e.g., CPLR 5018 and 5203 pertaining to the docketing of money judgments—with the view that they would be available to enforce awards in equitable distribution actions *(see,* 3 Foster, Freed and Brandes, Law and the Family New York, at 497, 507 [2d ed]; Scheinkman, Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law C236B:47, 1992 Pocket Part, at 75). In light of the various enforcement mechanisms available to the plaintiff *(see, e.g., Reingold v Reingold,* 160 AD2d 924; *Sherman v Sherman,* 138 AD2d 364; *Cavaretta v Cavaretta,* 127 AD2d 1002), the court properly declined to grant her the relief requested *(cf., Buxbaum v Buxbaum,* 149 AD2d 646). Bracken, J. P., Harwood, Balletta and Copertino, JJ., concur.