■ PAULA ASHLEY, Appellant, v PHILLIP ASHLEY et al., Respondents, et al., Defendants. [32 NYS3d 195]—

In an action to set aside a mortgage encumbering certain real property on the ground of forgery, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Jamieson, J.), dated December 18, 2014, which granted the motion of the defendant Phillip Ashley for summary judgment dismissing the complaint insofar as asserted against him, and (2) an order of the same court dated May 18, 2015, which denied her motion for leave to renew and reargue her opposition to the prior motion.

Ordered that the appeal from so much of the order dated May 18, 2015, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the appeal from so much of the order dated May 18, 2015, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated December 18, 2014; and it is further,

Ordered that the order dated December 18, 2014, is reversed, on the law, and the motion of the defendant Phillip Ashley for summary judgment dismissing the complaint insofar as asserted against him is denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff commenced this action against her former husband (hereinafter the defendant), among others, to set aside a mortgage encumbering certain real property on the ground that the plaintiff's purported signature on the mortgage was forged. The defendant moved for summary judgment dismissing the complaint insofar as asserted against him, contending, inter alia, that the plaintiff's claim was barred by the doctrines of res judicata and collateral estoppel, as the claim was one that could have been raised in the divorce action, and the issue of whether the plaintiff's signature was forged was raised and decided against the plaintiff at a hearing on the defendant's motion to enforce the judgment of divorce that was entered in the divorce action.

"The doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter" (*Matter of Josey v Goord*, 9 NY3d 386, 389 [2007] [internal quotation marks omitted]). The rule applies "not only to claims actually litigated but also to claims that could have been raised in the prior litigation. The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]). The doctrine of collateral estoppel is a "narrower species of res judicata" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). "[It] bars relitigation of an issue which has necessarily been decided in [a] prior action and is decisive of the present action if there has been a full and fair opportunity to contest the decision now said to be controlling" (*Tydings v Greenfield, Stein & Senior, LLP*, 11 NY3d 195, 199 [2008] [internal quotation marks omitted]).

Here, with respect to res judicata, the defendant failed to establish that the plaintiff knew or should have known of the facts constituting the claim prior to judgment being entered in the divorce action (*see Smith v Russell Sage Coll.*, 54 NY2d 185, 193 [1981]). Thus, the defendant failed to establish, prima facie, that the claim was one that could have been raised in the divorce action prior to the entry of the judgment in the divorce action. With respect to collateral estoppel, the defendant failed to establish, prima facie, that the issue of whether the plaintiff's signature was forged was decided against the plaintiff at the time of the hearing on his motion to enforce the judgment of divorce (*see Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 [1990]). The defendant thus failed to make a

prima facie showing of his entitlement to judgment as a matter of law.

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against him.

The parties' remaining contentions are without merit or have been rendered academic in light of our determination. Rivera, J.P., Balkin, Dickerson and Barros, JJ., concur.