Pasquale v Pasquale (2024 NY Slip Op 05984)

Pasquale v Pasquale

2024 NY Slip Op 05984

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
CARL J. LANDICINO, JJ.

2021-04046
2021-04047
2021-04049
 (Index No. 445/90)

[*1]Susan B. Pasquale, respondent,
v
Steven Joseph Pasquale, appellant.

Fabricant Lipman & Frishberg, PLLC, Goshen, NY (Neal D. Frishberg of counsel), for appellant.
Bloom & Bloom, P.C., New Windsor, NY (Peter E. Bloom of counsel), for respondent.

DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment entered May 21, 1990, the defendant appeals from (1) an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated May 6, 2021, (2) an amended domestic relations order of the same court dated May 6, 2021, and (3) a money judgment of the same court dated May 6, 2021. The order granted the plaintiff's motion for the issuance of an amended domestic relations order and the entry of a money judgment. The amended domestic relations order, insofar as appealed from, upon providing for distribution of the plaintiff's marital share of the defendant's pension, directed the payment to the plaintiff of pension arrears accumulated from January 1, 2007, to April 4, 2020. The money judgment is in favor of the plaintiff and against the defendant in the sum of $84,195.27.
ORDERED that the appeals from the order and the amended domestic relations order are dismissed, as the order and the portion of the amended domestic relations order appealed from were superseded by the money judgment; and it is further,
ORDERED that the money judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were divorced by a judgment of divorce entered May 21, 1990. A stipulation of settlement between the parties dated March 29, 1990 (hereinafter the stipulation), was incorporated, but not merged, into the judgment of divorce. The stipulation provided, inter alia, that the plaintiff was entitled to a share of the defendant's pension as of the date the defendant retired and first began receiving benefits.
In June 2020, the plaintiff submitted a proposed domestic relations order to the Supreme Court which provided for payment of her share of the defendant's pension, retroactive to April 2020. The court signed the proposed domestic relations order submitted by the plaintiff at that time. Thereafter, the plaintiff moved for the issuance of an amended domestic relations order and [*2]the entry of a money judgment. The plaintiff contended, among other things, that she had learned that the defendant had retired effective December 30, 2006, and had commenced receiving pension benefits at that time. The plaintiff sought to include in an amended domestic relations order the amount of pension arrears accrued from January 1, 2007, to April 4, 2020, and the entry of a money judgment in the amount of the arrears. The defendant opposed the motion on the ground, inter alia, that the plaintiff's motion was time-barred. In an order dated May 6, 2021, the court granted the plaintiff's motion and thereafter entered a money judgment in favor of the plaintiff and against the defendant in the sum of $84,195.27. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly determined that the plaintiff's motion, inter alia, for the issuance of an amended domestic relations order was not time-barred (see Kraus v Kraus, 131 AD3d 94).
The defendant's remaining contentions are without merit (see Ashley v Ashley, 139 AD3d 651, 652; Reingold v Reingold, 160 AD2d 924, 924).
DUFFY, J.P., MILLER, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court